THE STATE OF OHIO, APPELLEE, *v.* COYNE, APPELLANT.

(No. 891—Decided July 2, 1980.)

*Mr. Robert A. Jones,* prosecuting attorney, and *Ms. Stephanie A. Wyler,* for appellee.

*Mr. Andrew B. Dennison,* for appellant.

*Per Curiam.* The instant appeal derives from the judgment entered against the defendant-appellant, John E. Coyne, in the Court of Common Pleas of Clermont County following a jury trial in which he was found guilty as he stood charged of making a false statement in violation of R. C. 2921.13.

In the first of two assignments of error, the appellant asserts that the trial court erred when it denied his timely raised motions for acquittal which were made pursuant to Crim. R. 29. He reasons that such motions should have been granted because the prosecuting attorney failed to present a prima facie case showing a violation of the statute under which he had been charged.

R. C. 2921.13 defines the offense of falsification and reads, in relevant part, as follows:

"(A) No person shall knowingly make a false statement, or knowingly swear or affirm the truth of a false statement previously made, when any of the following apply:

" * * *

"(5) The statement is made with purpose to secure the issuance by a governmental agency of a license, permit, authorization, certificate, registration, or release.

"(6) The statement is sworn or affirmed before a notary public or other person empowered to administer oaths."

The false statement allegedly made in the instant cause in violation of the statutory provision set forth above appears within a document entitled "Odometer Reading Disclosure Statement," which accompanied the assignment of title to an automobile sold by the appellant to one Bobbie Stamm on May 4, 1978. Within that document it was stated that the odometer reading of the automobile being sold was 2005 miles and that such reading reflected mileage in excess of the designated mechanical limit of 99,999 miles. It was further stated that the odometer from which the reading was taken "was not altered, set back, or disconnected."

Beneath these statements, the appellant, instead of signing his own name as the transferor of the vehicle, placed the signature of one William White, without White's consent or knowledge.[1] After the appellant signed White's name, the document was notarized by a person holding a valid commission from the state of Ohio.

The parties stipulated at trial that all statements made within the document, pertaining to the description of the vehicle being sold and the relevant odometer readings, were accurate. Such being the case, the only issue before us is whether the appellant's act of signing William White's name was the making of a false statement within the meaning of R. C. 2921.13.

The term "statement," as it appears in R. C. 2921.13, is not defined within the criminal provisions of the Revised Code. Applying accepted principles of common usage, we therefore conclude that the term "statement" means an assertion or " * * * a declaration of matters of fact. * * * " Black's Law Dictionary (5 Ed. 1979), 1263. See, also, Webster's Seventh New Collegiate Dictionary (1971), 856.

Viewing the definition set forth above in conjunction with the statutory rule of construction that "[s]ections of the Revised Code defining offenses or penalties shall be strictly construed against the state, and liberally construed in favor of the

---

[1] The appellant, in his capacity as owner of the Boot Hill Auto Graveyard, apparently purchased the automobile for which the odometer statement was prepared from William White several days before it was sold to Bobbie Stamm. The certificate of title, however, was never properly assigned to the appellant, and, for that reason, the appellant used White's name when assigning the title to Stamm.

accused," R. C. 2901.04(A), we are not persuaded that the appellant's act of signing William White's name upon the odometer document constituted a violation of R. C. 2921.13. As we read the document in question, the statutory prohibition was meant to apply only to the substance of the declarations made therein with respect to the condition of the automobile's odometer and the readings taken from it. Since the parties agree that all representations made with respect thereto were true and accurate, the purpose of the document was clearly served by providing the purchaser with a reliable index to the automobile's condition. Having thus achieved its purpose, the document cannot be said to contain false statements within the meaning of the statute.

Accordingly, we conclude that the prohibitions of R. C. 2921.13 do not apply to the signature placed at the bottom of the odometer statement. In our minds, the act of wrongfully signing another's name as an attestation to the veracity of statements which are themselves subject to the prohibitions of R. C. 2921.13 falls, if at all, under the separate provisions for forgery contained within R. C. 2913.31.

In the absence of a showing that a false statement was made by the appellant, his motions for acquittal should have been granted by the court below. We conclude, therefore, that his first assignment of error is well taken.[2] The judgment of the Court of Common Pleas of Clermont County is reversed and the defendant-appellant, John E. Coyne, is discharged.

*Judgment accordingly.*

BETTMAN, P. J., SHANNON and CASTLE, JJ., concur.

---

[2] The appellant's second assignment of error, that the court below erred by failing to give a requested jury instruction with respect to the elements of proof upon the charged offense, is rendered moot by our disposition of his first assignment of error.