## State v. Cooper
### [Cite as 4 AOA 105]

*Case No. 1596*
*Ross County, (4th)*
*Decided June 1, 1990*

*Alfred E. Baerkircher, 68 West Second St., Chillicothe, Ohio 45601, for Appellant.*

*Scott W. Nusbaum, Assistant Prosecutor, 20 South Paint St., Chilicothe Ohio 45601, for Appellee.*

ABELE, P. J.

This is an appeal from a Ross County Common Pleas Court judgment convicting appellant of theft in violation of R.C. 2913.02. Appellant moved to dismiss the indictment on the grounds

he should have been charged with the crime of falsification under R.C. 2921.13(A) (4) instead of the crime of theft. After the court overruled the motion, appellant changed his plea to no contest.

We affirm.

### ASSIGNMENT OF ERROR
"FALSIFICATION, R.C. 2921.13(A)(4), IS A SPECIFIC STATUTE IRRECONCILABLE WITH THE GENERAL THEFT STATUTE, R.C. 2901.02, IN REGARD TO THE RECEIPT OF WELFARE BENEFITS BY MEANS OF A FALSE STATEMENT ON A WELFARE REPORT FORM."

Appellant cites R.C. 1.51 for the proposition that the state must bring charges against him under the specific falsification statute rather than the general theft statute. R.C. 1.51 provides:

"If a general provision conflicts with a special or local provision, they shall be construed, if possible, so that effect is given to both. If the conflict between the provisions is irreconcilable, the special or local provision prevails as an exception to the general provision, unless the general provision is the later adoption and the manifest intent is that the general provision prevail."

Appellant notes the Ohio Supreme Court, in *State* v. *Volpe* (1988), 38 Ohio St. 3d 191, paragraph one of the syllabus, recently held:

"Where there is no manifest legislative intent that a general provision of the Revised Code prevail over a special provision, the special provision takes precedence." (*State* v. *Frost* [1979], 57 Ohio St.2d 121, 11 O.O.3d 294 387 N.E.2d 235, paragraph one of the syllabus, approved and followed.)

In *Volpe* the court decided that R.C. 2915.02(A)(5), a specific gambling devices statute, prevails over R.C. 2923.24, a general criminal tools statute. We note the *Volpe* court applied the R.C. 1.51 interpretation rule only after noting the two criminal statutes were irreconcilable since they provide different penalties for the same conduct.

Appellee notes the two statutes in the case at bar can be reconciled, the therefore the R.C. 1.51 interpretation rule does not apply. We agree. R.C. 2913.02 involves the obtaining of property or services and R.C. 2921.13(A) (4) involves the making of a false statement. Acts committed under the latter statute do not always violate the former statute. Three unreported appellate decisions cited by appellee agree the theft statute and the falsification statute do not

create an irreconcilable conflict. See, *State* v. *Brown* (Nov. 29, 1988), Montgomery App. No. 11217, unreported; *State* v. *Aaron* (May 21, 1985), Franklin App. No. 83AP-1202; *State* v. *Chambers* (Sept. 28, 1982), Montgomery App. No. 7360, unreported.

We note the bare fact appellant's conduct violates more than one statute does not force the state to prosecute him under the lesser statute. In *United States* v. *Batchelder* (1979), 442 U.S. 114, 123-124, the court wrote:

"This court has long recognized that when an act violates more than one criminal statute, the Government may prosecute under either so long as it does not discriminate against any class of defendants." See, also, *Paul Adams Coal Co.* v. *Mamone* (1988), 46 Ohio App. 3d, 174, 176; *State* v. *Oliver* (1987), 31 Ohio App. 3d 100; *State* v. *Miles* (1983), 8 Ohio App. 3d 410.

In his reply brief, appellant argues the word "secure" in the falsification statute means "obtain" as that word is used in the theft statute, and hence the two statutes are irreconcilable. While we agree the words are similar, we find the falsification statute does not require proof the defendant secured or obtained anything. The falsification statute merely requires proof of a false statement made "with purpose to secure" certain governmental benefits. The benefits need not be secured.

Appellant's assignment of error is overruled.

*Judgment affirmed.*

GREY, J., dissent with attached dissenting opinion.

HARSHA, J., concur in judgment & opinion.

GREY, J., dissenting.

One act may violate two statutes, but that principle is irrelevant here. *Batchelder, supra,* has no application, since it holds that in some cases a prosecutor may have the option of prosecuting under one or another of two possible statutes. In this case the prosecutor has no such option because of the act of the legislature.

The legislature adopted R.C. 2913.02, a broad statute which includes all kinds of thefts, including the kind we have here, deceptively making false statements for the purpose of getting welfare benefits. The penalty for all thefts over $300, including theft by deception, is a fourth degree felony.

Had the legislature stopped with R.C. 2913.02, there would be no question in this case. But it did not, it went on to enact R.C. 2921.13, the falsification statute, which prohibits making a false statement when:

"(4) The statement is made with purpose to secure the payment of workers' compensation, unemployment compensation, aid for the aged, aid for the blind, aid for the permanently and totally disabled, aid to dependent children, general assistance, retirement benefits, or other benefits administered by a governmental agency or paid out of a public treasury." R.C. 2921.13(A). The penalty for violating this statute is a first degree misdemeanor.

This is a clear expression of legislative intent that a false filing for welfare benefits shall be a misdemeanor. If the legislature has decided in specific statutory language, that welfare fraud shall be a misdemeanor, can a prosecutor decide that it ought to be a felony? Hardly. This kind of decision is not, as in *Batchelder, supra,* within the discretion of the prosecutor.

Discussion of irreconcilability is irrelevant here. This case presents a serious constitutional question. May the legislature, which has adopted a statute which makes a broad category of conduct a crime, also adopt a special statute which holds that some of the conduct included in that broad category shall be treated differently? Obviously, the legislature can treat some kinds of thefts more harshly, such as theft of a firearm under R.C. 2319.71(C). Inherent in the power to treat some crimes more harshly is the power to treat others less harshly, as for example R.C. 2905.01(C) which treats kidnapping as an aggravated first degree felony, but makes it a second degree felony when the victim is released unharmed.

Exercise of this power to distinguish between crimes requires that the legislatures act separately and specifically. This is the purpose of R.C. 1.51 which holds that the specific controls the general. This is the reasoning behind *State* v. *Volpe, supra,* which says in the first paragraph of the syllabus:

"1. Where there is no manifest legislative intent that a general provision of the Revised Code prevail over a special provision, the special provision takes precedence." (State v. *Frost*) [1979], 57 Ohio S. 2d 121, 11 O.O.3d 294, 387 N.E.2d 235, paragraph one of the syllabus, approved and followed.) See also generally, *State* v. *Gilham* (1988), 40 Ohio app. 3d 293.

I would sustain the assignment of error, I would adopt a position which is contrary to the decisions from the Second and Tenth Districts cited in the majority opinion, and would certify this issue to the Ohio Supreme Court.