The STATE of Ohio, Appellee,

v.

KING, Appellant.

[Cite as *State v. King* (1991), 81 Ohio App.3d 210.]

Court of Appeals of Ohio,
Lorain County.

No. 91CA005065.

Decided Dec. 18, 1991.

*Gregory A. White,* Prosecuting Attorney, for appellee.

*Hollace B. Weizel,* for appellant.

CACIOPPO, Judge.

Appellant, Henry King, was indicted by the Lorain County Grand Jury on eleven counts of forgery, in violation of R.C. 2913.31(A)(3). The facts surrounding King's indictment involved his alleged use of photocopied election petitions from his 1986 campaign for Lorain County Commissioner in his 1990 campaign for Governor.

Prior to trial, King filed a motion to dismiss, contending that he had been charged under the wrong statute and that any prosecution should proceed under R.C. 3599.14 (prohibitions relating to petitions). The trial court denied the motion to dismiss and the case proceeded to a bench trial wherein King was found guilty on all eleven counts. King was placed on probation for two years and ordered to pay the costs of his court-appointed counsel.

King appeals, asserting four assignments of error. We reverse.

## Assignments of Error

"I. The trial court erred to the prejudice of appellant, when it denied appellant's motion to dismiss.

"II. The trial court erred in violation of rights conferred by Article I, Section 10 of the Ohio Constitution and the Sixth and Fourteenth Amendments to the United States Constitution, when it restricted appellant's cross-examination of a prosecution witness where such cross-examination was relevant to the defense, and directed at establishing bias and prejudice in the institution of the proceeding.

"III. The trial court erred, and abused its discretion, when it ordered appellant to 'assume' the cost of court-appointed attorney fees, where no finding was made concerning appellant's ability to pay said costs, and appellant was indigent.

"IV. The trial court erred when it denied appellant's motion for acquittal, where the evidence was insufficient to sustain a conviction as a matter of law."

In his first assignment of error, King asserts that the trial court erred in denying his motion to dismiss as the state charged him under the wrong

statute. The state contends that the motion was properly denied as the determination of such a motion requires that the court have before it all of the relevant facts, and that, as such, the issues could not be resolved through a Crim.R. 12(B) motion.

R.C. 2913.31(A)(3) under which King was indicted provides:

"(A) No person, with purpose to defraud, or knowing that he is facilitating a fraud, shall do any of the following:

" * * *

"(3) Utter, or possess with purpose to utter, any writing which he knows to have been forged."

King contends that the proper charges would have been under R.C. 3599.14, which at the time of King's alleged acts provided:

"No person shall knowingly, directly or indirectly, misrepresent the contents, purport, or effect of any initiative, supplementary, referendum, recall, or nominating petition for the purpose of persuading any person to sign or refrain from signing such petition; or pay or offer to pay anything of value for signing or refraining from signing such petition; or promise to assist any person to obtain appointment to any office or position as a consideration for obtaining or preventing signatures to any such petition; or obtain or prevent signatures to any such petition as a consideration for the assistance or promise of assistance of any person in securing appointment to any office or position; or circulate or cause to be circulated any such petition knowing it to contain false, forged, or fictitious names; or add any signatures or names except his own on any such petition; or make a false certification or statement concerning any such petition; or file with the election authorities any such petition knowing it to contain false, forged, or fictitious names; or fail to fill out truthfully and file all itemized statements required by law in connection with such petition.

"Whoever violates this section shall be fined not less than one hundred nor more than five hundred dollars or imprisoned not more than six months, or both."

Where there is no manifest legislative intent that a general provision of the Revised Code prevails over a special provision, the special provision takes precedence. *State v. Volpe* (1988), 38 Ohio St.3d 191, 527 N.E.2d 818, paragraph one of the syllabus; *State v. Frost* (1979), 57 Ohio St.2d 121, 11 O.O.3d 294, 387 N.E.2d 235. Where it is clear that a special provision prevails over a general provision or the Criminal Code is silent or ambiguous as to which provision prevails, under R.C. 1.51, a prosecutor may charge only on the

special provision. *State v. Chippendale* (1990), 52 Ohio St.3d 118, 556 N.E.2d 1134, paragraph two of the syllabus. R.C. 1.51 provides:

"If a general provision conflicts with a special or local provision, they shall be construed, if possible, so that effect is given to both. If the conflict between the provisions is irreconcilable, the special or local provision prevails as an exception to the general provision, unless the general provision is the later adoption and the manifest intent is that the general provision prevail."

Where, however, it is clear that a general provision applies coextensively with a special provision, R.C. 1.51 allows a prosecutor to charge on both. *Chippendale, supra.* R.C. 1.51 is applicable only when general and special provisions constitute allied offenses of similar import and additionally do not constitute crimes committed separately or with a separate animus for each crime. *Id.* at 120, 556 N.E.2d at 1136. When this is the case, analysis under R.C. 1.51 should proceed. *Id.*

First, we must determine whether R.C. 2913.31(A)(3) and R.C. 3599.14 constitute allied offenses of similar import under the situation at bar. To be allied offenses, the elements of the offenses must correspond to such a degree that the commission of one crime will necessarily result in the commission of the other. *Newark v. Vazirani* (1990), 48 Ohio St.3d 81, 549 N.E.2d 520, syllabus. In the case at bar, King would have been chargeable under the portion of R.C. 3599.14 prohibiting the making of "false certification or statement concerning any such petition" or filing "with the election authorities any such petition knowing it to contain false, forged, or fictitious names." We believe that the commission of one of the aforementioned acts would necessarily result in a violation of R.C. 2913.31(A)(3)[1] as the accused would also "[u]tter, or possess with a purpose to utter, any writing which he knows to have been forged." Furthermore, the acts of the defendant were not committed separately or with a separate animus.

As the subject offenses appear to be allied offenses of similar import, R.C. 1.51 is applicable. We can discern no manifest legislative intent that the general provision, R.C. 2913.31, is to prevail over the special election provision, R.C. 3599.14, as the Criminal Code is silent in this regard. As such, pursuant to R.C. 1.51, we must hold that King was improperly charged in the case at bar.

---

1. The state devotes a considerable portion of its argument to the application of R.C. 2913.31(A)(2). The record reflects, however, that the indictment charged King with eleven counts of violating R.C. 2913.31(A)(3).

Furthermore, we find the state's contention that this deficiency could not be addressed through a Crim.R. 12(B) motion to be without merit. Crim.R. 12(B) provides in part:

"(B) Pretrial motions. Any defense, objection, or request which is capable of determination without the trial of the general issue may be raised before trial by motion. The following must be raised before trial:

"(1) Defenses and objections based on defects in the institution of the prosecution;

"(2) Defenses and objections based on defects in the indictment, information, or complaint (other than failure to show jurisdiction in the court or to charge an offense, which objections shall be noticed by the court at any time during the pendency of the proceeding)[.]"

In the case at bar, the issue of which charge was proper was capable of determination without trial of the general issue as the court had a sufficient basis upon which to make a decision in the form of a bill of particulars and the actions alleged in the indictment.

As King was charged under the wrong statute, the prosecution should not have proceeded to trial and sentencing. Based upon our determinations of the first assignment of error, the issues in the remaining assignments of error are moot.

The judgment of the trial court is reversed.

*Judgment reversed.*

QUILLIN, P.J., and COOK, J., concur.