The STATE of Ohio, Appellee,

v.

SUFRONKO, Appellant.

[Cite as *State v. Sufronko* (1995), 105 Ohio App.3d 504.]

Court of Appeals of Ohio,
Fourth District, Athens County.

No. 94CA1646.

Decided Aug. 4, 1995.

*William Biddlestone,* Athens County Prosecuting Attorney, and *Michael R. Huff,* Assistant Prosecuting Attorney, for appellee.

*Gwinn & Wallace* and *James A. Wallace,* for appellant.

KLINE, Judge.

Defendant-appellant, Dale Sufronko, was charged with forgery in violation of R.C. 2913.31(A)(1) for signing his brother's name on three documents presented to appellant by an Ohio State Highway Patrol Trooper during the course of an arrest. The Athens County Court of Common Pleas found appellant guilty following a bench trial and sentenced him on the forgery conviction. Appellant challenges the conviction, asserting the following assignment of error:

"The trial court erred in finding defendant guilty, as R.C. Section 1.51 requires that a defendant who knowingly signs the name of another with purpose to mislead a police officer may be charged and convicted of the specific offense of falsification, R.C. Section 2921.13(A)(3), but not the general offense of forgery, R.C. Section 2913.31(A)(1)."

Appellant was arrested and charged with driving under the influence and driving left of center by Ohio State Patrol Trooper Troy Johnson. Trooper Johnson initially issued the citations to "David Sufronko," as this was the name given by the appellant. During the course of the arrest, appellant signed three documents as "David Sufronko," who is, in fact, appellant's brother. David Sufronko had not authorized appellant to sign his name to these documents.

After failing to appear in court to answer the traffic charges, appellant was arrested on a failure to appear warrant.

Appellant was then indicted on one count of forgery, in violation of R.C. 2913.31(A)(1), and on one count of uttering, in violation of R.C. 2913.31(A)(3). Following a bench trial, appellant was found guilty of forgery and not guilty of uttering. The trial court sentenced appellant on the forgery conviction and appellant timely filed a notice of appeal from the sentence and judgment.

Appellant asserts that the state erred by indicting him with forgery under R.C. 2913.31(A)(1), a general statute, when he should have been charged with falsification under R.C. 2921.13(A)(3), a special provision. Appellant maintains that the General Assembly intended appellant to be charged with a misdemeanor under the special provision of falsification, rather than a felony under the general statute of forgery, for his conduct.

■ When interpreting statutes and their application, an appellate court conducts a *de novo* review, without deference to the trial court's determination. This court will first look to the issue of whether an R.C. 1.51 analysis is necessary.

■ Principles of statutory construction require that specific statutory provisions prevail over conflicting general statutes. *State v. Volpe* (1988), 38 Ohio St.3d 191, 193, 527 N.E.2d 818, 820–821. Where there is no manifest legislative intent that a general provision of the Revised Code prevails over a special provision, the special provision takes precedence. *Id.* at paragraph one of the syllabus; *State v. Frost* (1979), 57 Ohio St.2d 121, 11 O.O.3d 294, 387 N.E.2d 235; *State v. King* (1991), 81 Ohio App.3d 210, 212, 610 N.E.2d 1028, 1019–1030. Appellant relies on R.C. 1.51, which states that:

"If a general provision conflicts with a special or local provision, they shall be construed, if possible, so that effect is given to both. If the conflict between the provisions is irreconcilable, the special or local provision prevails as an exception to the general provision, unless the general provision is the later adoption and the manifest intent is that the general provision prevail."

■ In determining the applicability of R.C. 1.51, the court must first ascertain whether the two statutes of forgery and falsification present an irreconcilable conflict. Such conflict arises when the same conduct is punishable by different penalties in different statutes. See *State v. Chippendale* (1990), 52 Ohio St.3d 118, 556 N.E.2d 1134; *Volpe, supra,* 38 Ohio St.3d at 193, 527 N.E.2d at 820–821; *State v. Friedman* (1991), 70 Ohio App.3d 262, 590 N.E.2d 909; *State v. Chandler* (1989), 54 Ohio App.3d 92, 560 N.E.2d 832. Appellant asserts that signing his brother's name on the documents presented by Trooper Johnson represents conduct punishable by two separate statutes with different penalties.

Under the general statute of forgery, R.C. 2913.31(A)(1), a conviction results in a fourth degree felony. Under the special provision of falsification, R.C. 2921.13(A)(3), a conviction results in a misdemeanor. Therefore, appellant contends that the statutes are definitely in conflict and the special provision of falsification must prevail. We disagree.

To be considered irreconcilable, the statutes must first prohibit the same conduct, specifically the conduct of which appellant was convicted. Appellant would have this court conclude that signing his brother's name, without authorization, to the documents presented by the trooper is the same conduct constituting falsification and forgery. To support his contention that the General Assembly intended the special statute of falsification to apply, appellant relies on the specific provision, R.C. 2921.13(A)(3), that "[t]he statement is made with purpose to mislead a public official in performing the public official's official function."

Issuing citations and extracting information from appellant in the course of an arrest certainly constitutes a function of a public official. Accordingly, appellant argues that by using and signing his brother's name to documents during the arrest, he has committed falsification. The documents that appellant signed are not included in the record, and, further, this court finds that a determination of falsification is not necessary for the purpose of this review. Therefore, this court refrains from ruling on whether falsification occurred.[1]

Assuming, arguendo, that appellant had committed falsification by signing his brother's name to the bottom of the statements, separate conduct still exists that results in more than a violation of falsification. This separate conduct is the act of forgery.

Under the forgery statute, R.C. 2913.31 prohibits the act of forging any writing.[2] The General Assembly defined the word "forge" in R.C. 2913.01(G):

---

1. See *State v. Coyne* (1980), 69 Ohio App.2d 63, 23 O.O.3d 68, 430 N.E.2d 473 (appellant's act of signing another's name upon an odometer document constituted a violation of forgery under R.C. 2913.31 and not falsification under R.C. 2921.13); *State v. McClanahan* (Mar. 19, 1986), Hamilton App. No. 850614, unreported (appellant's act of signing a false name upon a citation prepared by an arresting officer, and the citation recites false information given the officer by appellant, is punishable within the meaning of R.C. 2921.13).

2. R.C. 2913.31 states:

"(A) No person, with purpose to defraud, or knowing that he is facilitating a fraud, shall do any of the following:

"(1) Forge any writing of another without his authority;

"(2) Forge any writing so that it purports to be genuine when it is actually spurious, or to be the act of another who did not authorize that act, or to have been executed at a time or place or with terms different from what was in fact the case, or to be a copy of an original when no such original existed;

"* * *

" 'forge' means to fabricate or create, in whole or in part and by any means, any spurious writing, or to make, execute, alter, complete, reproduce, or otherwise purport to authenticate any writing, when the writing in fact is not authenticated by that conduct."

Under the falsification statute, R.C. 2921.13 prohibits the making of a false statement under specific circumstances.[3]  While the term "statement" is not defined within the criminal provisions of the Revised Code, the court in *State v. Coyne* adopted the meaning as an assertion or a declaration of matters of facts. *Coyne, supra,* 69 Ohio App.2d at 64, 23 O.O.3d at 69, 430 N.E.2d at 474, citing Black's Law Dictionary (5 Ed.1979) 1263; Webster's Seventh New Collegiate Dictionary (1971) 856.

This court initially notes that the requirements for a violation of the two statutes are not the same.  A significant difference is that a false statement does not have to be in writing, while a forgery does.  Further, a forgery does not have to contain false information, while a falsification does.  In *State v. Bryan* (Feb. 2, 1984), Coshocton App. No. 83CA13, unreported, 1984 WL 4443, the court found that "[f]orgery and falsification are not the same offense.  The forgery purports to be something that it is not.  It may or may not contain false information.  A false statement may or may not accurately indicate its maker.  The gist of [falsification] is that the information contained in it must be false." *Id.*

Beyond the required elements for the offense of forgery and falsification, this court also notes that the purposes of the two statutes differ.  The purpose of the forgery statute is to ensure the authenticity or validity of a writing.[4]  The falsification prohibition is meant to apply to the substance of the declarations. *Coyne, supra,* 69 Ohio App.2d at 65, 23 O.O.3d at 69–70, 430 N.E.2d at 474–475. Forgery involves conduct that purports to authenticate writings; falsification involves conduct that swears to the veracity of the statements.  The fact that the falsification and forgery occurred within a short time of each other does not merge the separate conduct into one.

---

"(C)(1) Whoever violates division (A) of this section is guilty of forgery, a felony of the fourth degree."

3.  R.C. 2921.13 states:
"(A) No person shall knowingly make a false statement, or knowingly swear or affirm the truth of a false statement previously made, when any of the following applies:
" * * *
"(3) The statement is made with purpose to mislead a public official in performing public official's official function."

4.  In the Committee Comment to R.C. 2913.31, the General Assembly states that "[t]he purpose of prohibiting forgery is to ensure accurate and authentic documents * * *."

Appellant is correct in asserting that inherently, forgery includes the act of falsifying. However, this does not always result in the unlawful act of falsification pursuant to R.C. 2921.13. That a forged writing may also contain false information is only incidental, and not necessary to commit the offense. While the documents appellant signed may contain false information given by the appellant indicating falsification, the act of signing another's name at the bottom of that statement for the purpose of authenticating the document is a separate act of forgery.

This court previously applied the same rationale in *State v. Cooper* (1990), 66 Ohio App.3d 551, 553, 585 N.E.2d 868, 869–870. In *Cooper*, this court found that R.C. 2913.02, a general theft statute, and R.C. 2921.13(A)(4), a specific falsification statute, did not create irreconcilable conflict. *Id.* This court concluded that acts committed under the falsification statute do not always violate the general theft statute. Because the statutes prohibit separate and distinct offenses, the violations of the two statutes do not result from the same conduct. Therefore, the statutes are reconcilable. *Id.*

We find the same rationale applies to the case *sub judice*. Acts committed under the falsification statute do not necessarily violate the forgery statute. Forgery invalidates the *authenticity* of the writing, not the *substance* of the writing. Therefore, the violations of the two statutes result from different conduct. The statutes prohibit separate and distinct offenses and therefore, the statutes are reconcilable.[5]

■ If the appellant did make false declarations or assertions, that conduct was separate from the act of forgery. Appellee chose to prosecute the appellant on the conduct of forgery and not for the conduct of falsification. "The mere fact that appellant's conduct violates more than one statute does not force the state to prosecute him under the lesser statute." *Cooper, supra,* 66 Ohio App.3d at 553, 585 N.E.2d at 870.

Accordingly, this court finds that R.C. 2913.31(A)(1) and 2921.13(A)(3) are reconcilable and therefore, the R.C. 1.51 interpretation rule does not apply. Because the R.C. 1.51 analysis is not required, appellant's reliance on *Chippendale* and *State v. King* (1991), 81 Ohio App.3d 210, 610 N.E.2d 1028, is unfound-

---

5. See, also, *State v. Hunter* (1983), 12 Ohio App.3d 75, 12 OBR 273, 466 N.E.2d 183 (forgery and uttering found to be separate conduct).

ed.[6]  Therefore, appellant's charge and conviction of forgery is proper and appellant's assignment of error is overruled.

*Judgment affirmed.*

STEPHENSON and HARSHA, JJ., concur.

---

**6.**  *Chippendale* and *King* involve statutes that are irreconcilable as the *same conduct* receives different penalties under two different statutes.