OPINION
This matter presents a timely appeal from a judgment rendered by the Youngstown Municipal Court, Mahoning County, Ohio, finding defendant-appellant, Donald Harmon, guilty of falsification, in violation of R.C. 2921.13(A)(1), and sentencing him to a definite six-month incarceration term.
At the outset, we note that plaintiff-appellee, State of Ohio, has failed to file a brief in this matter. Therefore, pursuant to App.R. 18(C), this court is authorized to accept appellant's statement of the facts and issues as correct and reverse the trial court's judgment if appellant's brief reasonably appears to sustain such action.
Appellant was charged with one count of rape, in violation of R.C. 2907.02, which allegedly occurred on June 25, 1995, in a Youngstown tavern known as the Cactus Bar. A preliminary hearing was held in that case on July 14, 1995, and during such hearing, appellant testified on his own behalf. Appellant stated that he neither owned nor was employed by the Cactus Bar. (Tr. 6-8). Probable cause was found and the trial court bound appellant over to the grand jury. Bond was set for appellant and as a condition to the bond, appellant was not permitted to enter any establishment where liquor was served, including the Cactus Bar.
Appellant subsequently filed a motion for stay of the court order to prevent his prohibition from entering the Cactus Bar. In this motion, appellant stated that if he had to comply with the trial court's order that he not enter the Cactus Bar, he would face a undue financial hardship because he was employed at the Cactus Bar, and he had invested over $21,000.00 in the establishment. (Tr. 9-10).
This written motion directly contradicted his earlier testimony, and appellant was charged with one count of falsification. A bench trial was conducted on August 28, 1995, and appellant was found guilty. On August 29, 1995, appellant was sentenced to serve a definite six-month incarceration term. This appeal followed.
Appellant sets forth three assignments of error on appeal.
Since appellant's first and second assignments of error are interrelated and have a common basis in law and fact, they will be discussed together and allege respectively as follows:
 "THERE IS INSUFFICIENT EVIDENCE TO SUPPORT A RATIONAL FACTFINDER'S FINDING THAT APPELLANT WAS GUILTY BEYOND A REASONABLE DOUBT AS TO EVERY MATERIAL ELEMENT OF THE CRIME OF FALSIFICATION. R.C. SEC. 2921.13(A)(1), IN VIOLATION OF THE FOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION.
 "A FALSIFICATION CONVICTION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE, IN VIOLATION OF SECTION 3(B) (3), ARTICLE IV OF THE OHIO CONSTITUTION."
Sufficiency of the evidence is the legal standard applied to determine whether the case may go to the trier-of-fact or whether the evidence is legally sufficient as a matter of law to support a verdict. State v. Smith (1997), 80 Ohio St.3d 89, 113. In essence, sufficiency is a test of adequacy. State v. Thompkins
(1997), 78 Ohio St.3d 380, 386. Whether the evidence is legally sufficient to sustain a verdict is a question of law. Thompkins,supra. In reviewing the record for sufficiency, the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier-of-fact could have found the essential elements of the crime proven beyond a reasonable doubt. Smith, supra, at 113.
Alternatively, in determining whether a verdict is against the manifest weight of the evidence, a court of appeals must review the entire record, weigh the evidence and all reasonable inferences and determine whether, in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. See Thompkins, supra, at 387. "Weight of the evidence concerns `the inclination of the greater amount off credible evidence, offered in a trial, to support one side of the issue rather than the other.'" Thompkins, supra at 387. In making its determination, a reviewing court is not required to view the evidence in a light most favorable to the prosecution, but may consider and weigh all of the evidence produced at trial. Thompkins, supra, at 390, (COOK, J., concurring). The State must first have presented sufficient evidence to support the conviction before a reviewing court can determine whether the State persuaded the jury to convict.Thompkins, supra.
After filing his written motion for stay of the trial court's order prohibiting him from entering the Cactus Bar, appellant was charged with and eventually convicted of falsification under R.C.2921.13(A)(1). R.C. 2921.13(A)(1) states:
 "(A) No person shall knowingly make a false statement, or knowingly swear or affirm the truth of a false statement previously made, when any of the following applies:
 "(1) The statement is made in any official proceeding."
Furthermore, "statement", as used in R.C. 2921.13 means an assertion of fact. State v. Coyne (1980), 69 Ohio App.2d 63.
In the case at bar, the prosecuting attorney who questioned appellant during his preliminary hearing, read the transcript from the preliminary hearing to the trial court, stating:
"Q. Would you please read your question?
"A. `Question. Sir, do you own the Cactus Bar?'
"`Answer. Frank Minenok owns it.'
"Do you want me to continue?
"`Question. What is your connection?'
"`That means I'm a flunky.'
"`Question. What does that mean, sir?'
 "`Answer. That means I carry beer up from the basement; make sure the bar runs.'
"`Question. You're an employee there?'
"`Answer: No.'
"`Question. How is it that you're paid?'
"`Answer. I don't get paid.'
 "`Question. This is basically volunteer work for you?'
"* * *
 "`Answer. My wife is the manager. I just help her out.'
"`Question. Pardon me?'
"`Answer. My wife is the manager.'
"`Question. Is your wife the owner?'
 "`Answer. My wife is the manager; Frank Minenok is the owner.'
"`Question. Is your wife an employee there?'
"`Answer. Yes.'
 "`Question. I believe one of your barmaids testified that you were her boss.'
"`Answer. I act like it.'
 "`Question. You act like her boss, but you don't get paid?'
"`Answer. No.'" (Tr. 6-8).
As a result of the preliminary hearing, the trial court found probable cause and bound appellant over to the grand jury. The trial court set bond and placed conditions on the bond. One condition was that appellant could not enter the Cactus Bar. Appellant subsequently filed a motion for stay of the trial court's order, which was filed on July 21, 1995. The prosecuting attorney read this motion to the trial court, stating:
 "A. I believe there was a restriction that defendant was not to be permitted to frequent the Cactus Bar.
"* * *
 "Q. Would you please read that first paragraph of the motion into the record?
"A. The entire paragraph?
"Q. Yes, ma'am.
 "A. Now comes the appellant, Donald A. Harmon, who hereby moves this honorable court to issue a stay of the court order entered on July 14, 1995, in the Youngstown Municipal Court by Andrew Polovischak . . .
"Q. Go on, please.
 "As part of the bond, appellant is prohibited from entering any establishment where liquor is served, including but not limited to the Cactus Bar, 302 South Avenue.
 "Further, the appellant submits that this would cause undue financial hardship due to the fact that he is employed by the Cactus Bar. Additionally, the appellant has a vested legal right to maintain same because he has invested over $21,000 of his money.
 "Further, such court order denies the right of association to the appellant. Therefore, a stay is requested herein and a hearing should be held to determine the issues presented herein.
 "There is a signature line, Donald A. Harmon, Appellant." (Tr. 9-10).
Appellant argues that there was insufficient evidence to prove that he committed falsification regarding his statement in his motion indicating that he did not own the Cactus Bar. "Own" is defined by Black's Law Dictionary as, "[t]o have a good legal title; to hold as property; to have a legal or rightful title to; to have; to possess." Black's Law Dictionary (6th.Ed. 1990) 1105.
In the present matter, appellee failed to provide sufficient evidence to prove appellant committed falsification regarding his ownership of the Cactus Bar. Appellant invested over $21,000.00 in the Cactus Bar, as stated in his motion for stay of the trial court's order. However, while this investment gave him an equitable interest, it did not establish that he had an ownership interest in the Cactus Bar. Appellee failed to provide any evidence demonstrating the Cactus Bar's legal title or any financial records. Furthermore, appellee did not question appellant about any possible equitable interest in the Cactus Bar during the preliminary hearing, thus appellant could not have falsified a statement regarding his equitable interest. Therefore, there was insufficient evidence to establish that appellant committed falsification in his written motion for stay of the trial court's order regarding his statement that he did not own the Cactus Bar.
Appellant next argues that he did not commit falsification regarding his statement in his motion indicating that he was not employed by the Cactus Bar. Appellant argues that "employee" is a legal term and argues that he could not have known the difference between employees, independent contractors, officers, agents or vice-principals. Consequently, appellant argues that he might have actually believed that he was not an employee of the Cactus Bar, and did not knowingly make a false statement, which is required under R.C. 2921.13. Appellant also contends that appellee did not consider the possibility that his employment status with the Cactus Bar could have changed between the time he testified at the preliminary hearing and the time he filed his motion for stay of the trial court's order.
In the present matter, appellant was charged with falsifying the fact that he did not have a financial employment interest. This means that appellant falsified the fact that he performed services for the Cactus Bar in exchange for payment. During the preliminary hearing, appellant testified that he was not employed by the Cactus Bar and did not receive payment for his services as a "flunky." (Tr. 7). Appellant stated in his subsequent motion for stay of the trial court's order that the bond requirement barring his entrance into the Cactus Bar would provide an undue financial hardship because he was employed by the Cactus Bar. (Tr. 10). This motion and prior testimony were in direct contradiction, and both considered appellant's financial and employment status with the Cactus Bar. Given that both statements are in direct conflict, one of the statements was necessarily false.
In addition to the contradicting statements, Attorney John Jeffery Limbian testified that after reading appellant's motion for stay of the trial court's order, he told appellant that he had lied to the court. (Tr. 17). Attorney Limbian then testified that appellant responded by stating, "You got me there." (Tr. 17). This testimony provides evidence that appellant knowingly committed falsification.
Appellant's argument that he did not know the legal meaning of "employment" or "employee" lacks merit. Appellant's testimony and his later conflicting motion both consider his employment in conjunction with being paid for services rendered. Furthermore, appellant's argument that there was a possibility that his employment status with the Cactus Bar changed between the time he gave his testimony and the time he filed his motion is unfounded. The trial court set appellant's bond at the same preliminary hearing during which appellant testified. It is unlikely that the Cactus Bar would have employed appellant after this bond requirement was made, because appellant would have been unable to provide services for it, since he could not enter the Cactus Bar without violating the bond requirement. Therefore, there was sufficient evidence with which to find that appellant falsified his financial employment interest in the Cactus Bar.
Appellant next argues that his conviction was against the manifest weight of the evidence. It has been established that there was insufficient evidence regarding appellant's falsification regarding his ownership of the Cactus Bar. However, it must yet be determined whether appellee established that appellant falsified his employment status with the Cactus Bar by the manifest weight of the evidence.
Appellant stipulated that the transcript provided to the trial court was a true and accurate copy of the preliminary hearing. (Tr. 3). The prosecuting attorney read the transcript of appellant's testimony during the preliminary hearing to the trial court. The prosecuting attorney also read appellant's motion for stay of the trial court's order, which was signed by appellant. (Tr. 10). Therefore, the prosecuting attorney's testimony was essentially a recitation of the preliminary hearing transcript and appellant's signed motion.
Furthermore, Attorney Limbian testified that appellant stated, "You got me there," when appellant was told that he lied to the court. As previously stated, this demonstrated that appellant made these contradictory statements knowingly. Since this was a bench trial, the trial judge acting as the trier-of-fact and determined the weight and credibility of this testimony. State v.DeHass (1967), 10 Ohio St.2d 230. Therefore, appellant's conviction did not create a manifest miscarriage of justice and appellant's conviction was not against the manifest weight of the evidence. Thompkins, supra.
Appellant's first and second assignments of error are found to be without merit.
Appellant's third assignment of error alleges:
 "APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY THE 6TH AMENDMENT TO THE U.S. CONSTITUTION."
The United States Supreme Court provided a standard for determining ineffective assistance of counsel in Strickland v.Washington (1984), 466 U.S. 668. In order to demonstrate ineffective assistance of counsel, an appellant must first show that his defense counsel was deficient. Strickland, supra. This requires that appellant show that his defense counsel's performance fell below an objective standard of reasonableness.Strickland, supra. The second part of the Strickland test requires that appellant prove that he was prejudiced by defense counsel's deficiency. To demonstrate prejudice appellant must, "* * * show that there is a reasonable probability that, but for [defense] counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, supra at 694. The Ohio Supreme court adopted the Strickland test in State v.Bradley (1989), 42 Ohio St.3d 136, and held that there is a presumption of effective assistance of counsel. Furthermore, a reviewing court cannot use the benefit of hindsight in determining whether a defendant received effective assistance of counsel. Strickland, supra.
Appellant argues that he received ineffective assistance of counsel because his attorney did not file any pretrial motions, including any requests for discovery. Appellant contends that discovery motions or a motion for a bill of particulars would have provided the necessary information regarding the charges for a proper defense. Appellant further maintains that had his attorney requested discovery, appellee would have had to disclose a summary of appellant's statement to Attorney Limbian under Crim.R. 16, or else such testimony would have been stricken.State v. DeLeon (1991), 76 Ohio App.3d 68. Since appellant's attorney did not move for any discovery, appellant argues that appellee did not have to provide written summaries to him. Therefore, appellant could not object to the introduction of his statement to Attorney Limbian on the ground that a written summary of the statement was not provided to appellant during discovery. DeLeon, supra.
Although appellant's attorney acted unreasonably when he did not file any pretrial motions, including any motions for discovery, these errors did not prejudice appellant. Appellant's attorney thoroughly cross-examined both of appellee's witnesses. Furthermore, appellant's attorney successfully rebutted appellee's charge that appellant falsified his statement regarding his ownership of the Cactus Bar.
Moreover, appellant's argument that discovery motions would have prevented Attorney Limbian's testimony is unfounded. It is true that if appellant's attorney requested a summary of statements made to the prosecuting attorney or any law enforcement officer, appellee would have been compelled to provide such summaries under Crim.R. 16. Appellant is also correct in asserting that had appellee not provided these summaries when requested, then appellant could have objected to and possibly prevented testimony regarding appellant's statement to Attorney Limbian from entering into evidence. DeLeon, supra. However, appellant's argument assumes that appellee would not have provided such summaries if requested to do so under discovery. This is an unfounded assumption as there is nothing in the record to suggest that appellee would not have provided a written summary of this statement made to Attorney Limbian. Therefore, there was not a reasonable probability that but for the unprofessional errors of defense counsel there would have been a different result, and appellant did not receive ineffective assistance of counsel. Strickland, supra.
Appellant's third assignment of error is found to be without merit.
The judgment of the trial court is affirmed.
DONOFRIO, J., concurs.
VUKOVICH, J., concurs.
APPROVED:
 ___________________________________ EDWARD A. COX, PRESIDING JUDGE