DECISION AND JOURNAL ENTRY
Appellant, Latoria Johnson, appeals the trial court's order directing her to pay restitution in the amount of $1,833. We affirm.
Ms. Johnson opened a checking account at Charter One Bank on November 26, 1997. She deposited $167 in the account in several transactions in late 1997. On February 26 and 27, 1998, she cashed two checks at Charter One Bank which were purportedly drawn on the account of Norman W. Jankowski. The check, which she cashed on February 26, 1998, was numbered 2532, was in the amount of $1000, and purported to be drawn on the account of Norman W. Jankowski and Maurice L. Bridges. The check she cashed on February 27, 1998 was numbered 2531 but otherwise was substantially similar to the February 26, 1998 check. Both checks were returned to Charter One Bank marked "CLOSED ACCT."
On January 28, 1999, the Summit County Grand Jury handed down a thirty-three count indictment against various persons who had been involved in a check forgery ring in Summit County. Four of those counts were against Ms. Johnson. Ms. Johnson was indicted on one count of theft by deception of property valued at more than five hundred, but less than five thousand dollars, in violation of R.C. 2913.02(A)(3); two counts of forgery, one involving each check, in violation of R.C. 2913.31(A)(3); and one count of forgery by open opening a checking account at Charter One Bank which purported to be genuine but was not, in violation of R.C.2913.31(A)(2). A jury trial was held on August 12 and 13, 1999. The jury, in a verdict journalized on August 16, 1999, found Ms. Johnson guilty of theft and forgery by uttering the February 26, 1998 check, but innocent on the remaining charges. On August 27, 1999, the trial court sentenced Ms. Johnson to five years of community control and further ordered, among other things, that Ms. Johnson pay restitution to Charter One Bank in the amount of $1,833 (the amount of the two checks — $2,000 — minus the amount which Charter One Bank received when it charged back her account for the two bounced checks — $167). This appeal followed.
Ms. Johnson asserts one assignment of error:
 Whether the Trial Court Abused Its Discretion by Imposing Excessive Restitution upon Defendant.
 Ms. Johnson argues that, as the jury convicted her of forgery as to only one check, although she was convicted of theft as to both checks, she could not be ordered to pay restitution as to both checks. We disagree.
The imposition of restitution in felony cases is governed by R.C. 2929.18, which states, in pertinent part:
 (A) * * * [T]he court imposing a sentence upon an offender for a felony may sentence the offender to any financial sanction or combination of financial sanctions authorized under this section[.] * * * Financial sanctions that may be imposed pursuant to this section include, but are not limited to, the following:
 (1) Restitution by the offender to the victim of the offender's crime or any survivor of the victim, in an amount based on the victim's economic loss. The court shall order that the restitution be made to the adult probation department that serves the county on behalf of the victim, to the clerk of courts, or to another agency designated by the court, except that it may include a requirement that reimbursement be made to third parties for amounts paid to or on behalf of the victim or any survivor of the victim for economic loss resulting from the offense. If reimbursement to third parties is required, the reimbursement shall be made to any governmental agency to repay any amounts paid by the agency to or on behalf of the victim or any survivor of the victim for economic loss resulting from the offense before any reimbursement is made to any person other than a governmental agency. If no governmental agency incurred expenses for economic loss of the victim or any survivor of the victim resulting from the offense, the reimbursement shall be made to any person other than a governmental agency to repay amounts paid by that person to or on behalf of the victim or any survivor of the victim for economic loss of the victim resulting from the offense. The court shall not require an offender to repay an insurance company for any amounts the company paid on behalf of the offender pursuant to a policy of insurance. At sentencing, the court shall determine the amount of restitution to be made by the offender. All restitution payments shall be credited against any recovery of economic loss in a civil action brought by the victim or any survivor of the victim against the offender.
 One is guilty of theft by deception if one, "with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services * * * [b]y deception[.]" R.C. 2913.02(A)(3). Deception encompasses knowingly deceiving another or causing another to be deceived by any false or misleading representation, by withholding information, by preventing another from acquiring information, or by any other conduct, act, or omission that creates, confirms, or perpetuates a false impression in another, including a false impression as to law, value, state of mind, or other objective or subjective fact."
R.C. 2913.01(A).
One is guilty of forgery if one, "with purpose to defraud, or knowing that the person is facilitating a fraud * * * [u]tter[s], or possess[es] with purpose to utter, any writing that the person knows to have been forged." R.C. 2913.31(A)(3). To "utter" one must "issue, publish, transfer, use, put or send into circulation, deliver, or display" the forged item. R.C. 2913.01(H). One is also guilty of forgery if one
 [f]orge[s] any writing so that it purports to be genuine when it actually is spurious, or to be the act of another who did not authorize that act, or to have been executed at a time or place or with terms different from what in fact was the case, or to be a copy of an original when no such original existed[.]
R.C. 2913.31(A)(2).
 In the instant case, we conclude that the trial court did not err in sentencing Ms. Johnson to restitution for both checks pursuant to R.C. 2929.18(A)(1).[1] Ms. Johnson was acquitted of forgery by uttering the February 27, 1998 check and as to opening the checking account with Charter One Bank. However, she was convicted of forgery by uttering the February 26, 1998 check and theft by deception which, as alleged in the indictment, occurred on both February 26 and 27, 1998. After reviewing the evidence, we conclude that theft by deception could have occurred even if forgery did not in regard to the February 27, 1998 check. "Forgery invalidates the authenticity of the writing, not the substance of the writing." (Emphasis original.) State v. Sufronko (1995), 105 Ohio App.3d 504, 509. Hence, the February 27, 1998 check may have been found to be authentic or Ms. Johnson may not have been found to posses the necessary mental state, while the transaction in which it was tendered was found to be based on deception, such as in regard Ms. Johnson's use of a false social security number. If Ms. Johnson did make false assertions as to her social security number or, by presenting the check, that her account still had sufficient funds after she had cashed the fraudulent check the previous day, which she knew to have been forged and which she knew far exceeded the amount present in her account, such false declarations and assertions were separate from forgery. See id. Moreover, we will not engage in speculation as to the basis of the jury's verdicts even if we assumed them to be inconsistent as this inconsistency may have accrued benefit to the State as well as the defendant through lenity; therefore, inquiry into the jury's thought process is too speculative. See State v. Lovejoy (1997), 79 Ohio St.3d 440, 444-45. Upon review of the record, we find that the charge of theft by deception, of which Ms. Johnson was convicted, encompassed both Ms. Johnson's acts of February 26 and 27, 1998. Accordingly, we conclude that the trial court did not err in requiring Ms. Johnson to pay restitution in regard to both checks. Ms. Johnson's assignment of error is overruled.
Ms. Johnson's assignment of error is overruled. The sentence rendered by the Summit County Court of Common Pleas is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
___________________________ WILLIAM G. BATCHELDER
[1] Although both the State and Ms. Johnson aver that R.C.2951.02(C) controls, we find it inapplicable because Ms. Johnson was convicted of two felonies rather than two misdemeanors.