This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Michaeleen Manning, now known as Michaeleen Winans, appeals from the judgment of the Wayne County Court of Common Pleas, which denied the recommendation of the Wayne County Child Support Enforcement Agency ("WCCSEA") for a revised amount of child support. We reverse and remand.
The Wayne County Court of Common Pleas granted the parties a divorce in 1993. Following a number of post-decree rulings, which are not relevant to this appeal, the WCCSEA conducted a review of the parties' child support order and recommended a revised amount of child support.[1]
Appellee, Timothy Manning, requested an administrative hearing on the revised amount. On September 27, 2001, the administrative hearing officer determined that the court should increase the current order of support to $339.57 per month per child. Subsequently, the trial court denied the administrative recommendation for a revised amount of child support. Appellant timely appealed raising one assignment of error for review.
Before addressing the merits of the appeal, we note that Appellee did not file an appellate brief. Therefore, this court assumes that the facts as stated in Appellant's appellate brief are true, and this court's judgment is based on the facts as stated. App.R. 18(C).
 ASSIGNMENT OF ERROR The trial court erred as a matter of law by not issuing a modified child support order pursuant to the mandatory requirements of R.C. 3119.65.
In Appellant's assignment of error, she contends that the trial court erred when it denied the administrative recommendation for a revised amount of child support. We agree.
Appellant's argument relies upon the interpretation and application of R.C. 3119.65. An appellate court's review of the interpretation and application of a statute is de novo. State v. Sufronko (1995),105 Ohio App.3d 504, 506; Brown v. August (Jan. 9, 2002), Wayne App. No. 01CA0024, unreported, at 4. Additionally, an appellate court does not give deference to a trial court's determination when making its review.Sufronko, 105 Ohio App.3d at 506.
R.C. 3119.60 through 3119.79 govern the administrative and judicial process of reviewing support orders. R.C. 3119.63 lists the responsibilities of the child support enforcement agency when reviewing a court child support order. Significantly, it states that after the agency calculates a revised amount of child support, the parties have a right to request an administrative hearing. R.C. 3119.63(B). If either party requests an administrative hearing, the agency must redetermine at the hearing a revised amount of child support. R.C. 3119.63(E). Following the determination at the administrative hearing, either party may request a court hearing on the revised amount. Id. If neither party requests a court hearing, the statute mandates that the agency submit the revised amount to the court for inclusion in a revised court child support order. R.C. 3119.63(F). Furthermore, R.C. 3119.65 provides as follows:
 If neither the obligor nor the obligee requests a court hearing on a revised amount of child support to be paid under a court child support order in accordance with [R.C. 3119.63], the court shall issue a revised court child support order to require the obligor to pay the revised amount of child support calculated by the child support enforcement agency.
(Emphasis added.) R.C. 3119.66 goes on to provide that if either party does request a court hearing, the court is to determine whether the revised amount is appropriate.
Pursuant to R.C. 1.42, words and phrases utilized in Ohio statutes are to be construed "according to the rules of grammar and common usage." R.C. 1.42. Plain and unambiguous language may not be ignored, regardless of the policy implications. State v. Rowe (1997), 118 Ohio App.3d 121,125-126, citing Pike-Delta-York Local School Dist. Bd. of Edn. v. FultonCty. Budget Comm. (1975), 41 Ohio St.2d 147, 156. The general rule of statutory construction provides that the word "may" should be construed as "optional, permissive, or discretionary," while the word "shall" should be construed as "mandatory." Dorrian v. Scioto Conserv. Dist. (1971), 27 Ohio St.2d 102, 107.
In the instant case, following the WCCSEA's initial determination of the revised amount of child support, Appellant requested an administrative hearing. Following the subsequent determination by the administrative hearing officer, the record indicates that neither party requested a court hearing. Upon submission of the revised amount of child support to the trial court, the court denied the administrative recommendation, finding that there were insufficient factual findings upon which the court could make an independent determination.
R.C. 3119.65 is mandatory in nature. Therefore, since neither party requested a court hearing, the trial court was required to issue a revised court child support order to require Appellee to pay the revised amount of child support calculated by the agency. Consequently, we find that the trial court erred in denying the revised amount of child support. Appellant's assignment of error is sustained.
Appellant's sole assignment of error is sustained. The judgment of the Wayne County Court of Common Pleas is reversed and remanded for the trial court to issue a revised court child support order that requires Appellee to pay the revised amount of child support calculated by the WCCSEA, pursuant to R.C. 3119.65.
Judgment reversed and remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellee.
Exceptions.
WHITMORE, J. CONCURS, CARR, J., CONCURS IN JUDGMENT ONLY
[1] Although the initial WCCSEA review and suggested revision of the child support order are not part of the record on appeal, the findings and recommendations from the subsequent administrative hearing refer to the WCCSEA's previous recommendation.