This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, the Administrator of the Bureau of Workers' Compensation ("Bureau"), appeals from the decision of the Medina County Court of Common Pleas, which restored widow's death benefits to the Appellee, Audrey White. We reverse.
 I.
The facts is in this case are not disputed. On April 11, 1989, Porter White died in an automobile accident. The accident occurred in the course of and arose out of Porter's employment with the Animal Centre of Medina. Audrey, Porter's widow, was awarded workers' compensation death benefits as Porter's surviving spouse, pursuant to R.C. 4123.59.
On August 30, 1997, Audrey married David Smith, and she received a lump sum payment from the Bureau equal to two years of death benefits pursuant to R.C. 4123.59(B). That marriage was subsequently annulled by a Decree of Annulment on July 5, 2000, entered by the District Court of Johnson County, Kansas. Audrey filed a claim with the Bureau to reinstate her widow's death benefits, arguing that the annulment nullified the marriage and treated it as if it never existed. Audrey claimed that, therefore, she should have been entitled to receive benefits once again.
Her claim was disallowed by a district hearing officer. The staff hearing officer affirmed the decision of the district hearing officer. Audrey appealed to the Commission, who refused her appeal. She then filed an appeal in the Summit County Court of Common Pleas, pursuant to R.C.4123.512.
The court of common pleas found that Audrey was entitled to receive widow's death benefits again. The Bureau timely appealed to this Court and raises two assignments of error.
 II. Assignment of Error No. I "AN APPEAL OF AN INDUSTRIAL COMMISSION DECISION DENYING REINSTATEMENT OF PREVIOUSLY PAID WORKERS' COMPENSATION DEATH BENEFITS IS AN ISSUE CONCERNING AN EXTENT OF DISABILITY AND NOT PROPERLY BEFORE THE TRIAL COURT AS AN APPEAL PURSUANT TO R.C. 4123.512."
In its first assignment of error, the Bureau argues that the trial court did not have jurisdiction over this matter because it is a matter that is not appealable pursuant to R.C. 4123.512. We agree.
We begin by noting the appropriate standard of review. We review a trial court's interpretation and application of a statute on a de novo basis because it presents us with a question of law. See State v.Frazier (2001), 142 Ohio App.3d 718, 721, citing State v. Sufronko
(1995), 105 Ohio App.3d 504, 506. Upon review, an appellate court does not give deference to the trial court's determination. Id. See, also,Tamarkin Co. v. Wheeler (1992), 81 Ohio App.3d 232, 234.
A claimant's right to appeal a decision concerning workers' compensation benefits is conferred only by statute. Felty v. ATTTechnologies, Inc. (1992), 65 Ohio St.3d 234, 237. R.C. 4123.512 provides that a party may appeal to the court of common pleas a decision "other than a decision as to the extent of disability." R.C. 4123.512(A). The correct method of challenging decisions that determine the extent of disability is through an action in mandamus. See State ex rel. Walls v.Indus. Comm. (2000), 90 Ohio St.3d 192, 195. See, also, State ex rel.Liposchak v. Indus. Comm. (2000) 90 Ohio St.3d 276, 278-279.
The Ohio Supreme Court has narrowly interpreted R.C. 4123.512 to allow a party to appeal to the court of common pleas only a decision involving a claimant's right to participate or to continue to participate in the Workers' Compensation Fund. Thomas v. Conrad (1998), 81 Ohio St.3d 475,477. "[A]ny issue other than whether the injury, disease, or death resulted from employment does not constitute a right-to-participate issue." Liposchak, 90 Ohio St.3d at 280. Moreover, "[a]lthough death benefits may be granted or denied based on dependent status as defined in R.C. 4123.59, the denial or grant of such benefits is not appealable unless it concerns the causal connection between injury, disease, or death and employment." Id. at 281.
Audrey's appeal to the court of common pleas raised the issue of whether her former widow's death benefits were entitled to be reinstated. In Liposchak, the Ohio Supreme Court addressed the issue of whether a decision denying death benefits to a dependent pursuant to R.C. 4123.59 was appealable under R.C. 4123.512. The Court specifically held that "dependency issues do not invoke the basic right to participate in the workers' compensation system and, therefore, are not appealable." Id. at 278. As Audrey's appeal concerns dependency issues under R.C.4123.59 and not the causal connection between her husband's death and his employment, the denial of her claim is not appealable. The court of common pleas was, therefore, without jurisdiction to hear the appeal. The Bureau's first assignment of error is sustained.
 Assignment of Error No. II "THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY DETERMINING THAT AN ANNULMENT OF A SURVIVING SPOUSE'S SECOND MARRIAGE ENTITLED HER TO REINSTATEMENT OF OHIO WORKERS' COMPENSATION DEATH BENEFITS DESPITE PAYMENT OF THE TWO-YEAR LUMP SUM, ON ACCOUNT OF REMARRIAGE, HAD BEEN MADE TO THE SURVIVING SPOUSE."
Our disposition of the Bureau's first assignment of error renders this assignment of error moot. We, therefore, decline to address it. See App.R. 12(A)(1)(c).
 III.
Having sustained the Bureau's first assignment of error, we reverse the decision of the Summit County Court of Common Pleas.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellee.
Exceptions.
SLABY, P.J., CARR, J. CONCUR.