The STATE of Ohio, Appellee,

v.

JOHNSON, Appellant.

[Cite as *State v. Johnson* (2000), 139 Ohio App.3d 952.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 18288.

Decided Oct. 27, 2000.

*Joseph P. Moore* and *Paul M. Courtney,* for appellee.

*Thomas W. Condit,* for appellant.

---

GRADY, Presiding Judge.

Rick Johnson appeals from his conviction and sentence for a violation of city of Union Codified Ordinance 1153.01, which governs the paving of driveways. For the reasons stated below, we find that the ordinance is void for vagueness as it was applied to Johnson, whose conviction we reverse and vacate.

Johnson has lived at 217 W. Martindale Road in Union for approximately thirty years. During the earlier part of that time, Johnson's lot contained a one-lane gravel driveway.

In 1973, the city enacted Union Codified Ordinance 1153.01, which states:

"(a)(7) <u>Landscaping, separation/screening.</u> All parts of open space off-street parking areas which are unusable, either for parking or for traffic, shall be paved or landscaped with plantings of grass, flowers, shrubs and/or trees, which shall be continuously maintained."

This court analyzed Section 1153.01(a)(7) in *Bell v. Union* (Dec. 4, 1998), Montgomery App. No. CA 17143, unreported, 1998 WL 833743. There we concluded that "although the issue was not free from difficulty," the trial court correctly construed this ordinance "to require that the *useable* parts of open space off-street parking must be paved, but the *unusable* parts of those areas may be landscaped, instead." (Emphasis added.) *Id.* at 3–4.

Johnson's original, one-lane gravel driveway was "grandfathered" under the 1973 ordinance and was therefore exempt from its requirements as long as it remained in its original condition. In 1992, Union embarked on a project that included the widening of Johnson's street, Martindale Road. The plans for the project called for a double-approach curb, two lanes wide, into Johnson's driveway. Johnson reluctantly agreed to the city's request that he widen his driveway to add a car turnaround. The additions to the driveway were made using gravel, and the work was completed in 1992.

In 1995, Union enacted an ordinance intended to clarify the meaning of "paved" in Union Codified Ordinance 1153.01. The 1995 ordinance reads:

"(a)(9) <u>Paving.</u> All off-street parking facilities shall be paved with asphalt, concrete, brick, paving blocks or other similar hard surface material. Gravel and other loose stone materials shall not be considered paving."

On August 13, 1996, Johnson appeared at a meeting of the board of zoning appeals and addressed the paving requirement as it pertained to the 1992 additions to his driveway. On August 21, 1996, the City Manager, John P. Applegate, informed Johnson in writing that the 1992 gravel additions to his driveway must be "paved or removed." Johnson, however, made no changes to the driveway. On September 9, 1999, Applegate again informed Johnson, in writing, that the additions must be "paved or returned to all grass." Johnson still did not comply. Finally, on September 29, 1999, Jim Vehorn, the zoning inspector for the city, cited Johnson for a violation of Section 1153.01.

This matter was referred to a magistrate, who conducted a trial on December 23, 1999. The magistrate rendered a decision on March 30, 2000, finding Johnson guilty of violating the ordinance and imposing a fine. Johnson filed objections to the decisions fifteen days later. After overruling the objection as untimely filed, the trial court entered a final judgment convicting Johnson of the violation alleged. He was fined $100 and ordered to pay court costs.

Johnson filed a timely notice of appeal. He presents two assignments of error:

### First Assignment of Error

"The trial court erred by denying defendant Rick Johnson's motion to dismiss after the city of Union rested its case."

### Second Assignment of Error

"The trial court erred by finding defendant Rick Johnson guilty of violating section 1153.01 of the Union Codified Ordinances."

Johnson argues the two assignments of error together and raises three issues under the assignments of error: that the 1995 amendment to the ordinance was retroactive; that the 1973 ordinance is not ambiguous; and, in the alternative, if the 1973 ordinance is ambiguous, that it is void for vagueness.

The magistrate's decision was entered on May 30, 2000. Johnson filed a motion for leave of court to file objections and specific objections to the order on April 14, 2000, fifteen days after the magistrate's decision was entered. The trial court denied the motion as untimely under Crim.R. 19(C), which at that time required a party to file written objections "[w]ithin seven days after the issuance of an order by a magistrate," and adopted the magistrate's decision.[1]

■ At oral argument, Johnson urged us to find that the time requirements of Crim.R. 19(C) are merely permissive, and that if Crim.R. 19(C) is read to require objections to be filed within seven days, the seven-day window is unreasonably small.

Numerous courts have held that where no objection to an error is raised in a timely and proper manner under Crim.R. 19(C), then any error will be waived. See, *e.g.*, *Kirtland v. Andrews* (Aug. 27, 1999), Lake App. No. 98–L–137, unreported, 1999 WL 689757; *Willowick v. Stephenson* (July 16, 1999), Lake App. No. 98–L–144, unreported, 1999 WL 535280; *State v. Koziol* (Aug. 29, 1997), Lake App. No. 96–L–193, unreported, 1997 WL 585913; *State v. Chagaris* (1995), 107 Ohio App.3d 551, 669 N.E.2d 92; *State v. Tarver* (May 15, 1996), Summit App. No. 17472, unreported, 1996 WL 255901. Therefore, Johnson's failure to submit timely written objections constitutes a waiver of the objection. *Id.; State v. Wickline* (1990), 50 Ohio St.3d 114, 552 N.E.2d 913.

■ Absent a proper and timely objection, our analysis must proceed under the plain error analysis of Crim.R. 52(B). *Wickline, supra; State v. Broom* (1988), 40 Ohio St.3d 277, 533 N.E.2d 682. Plain error exists only when it can be

---

1. Effective July 1, 2000, Crim.R. 19(C) was amended to mirror Civ.R. 53(E)(3). The previous Crim.R. 19(C), concerning objections to a magistrate's decision, is now contained in Crim.R. 19(E)(2), which allows fourteen days in which to file objections to the decision of a magistrate in a criminal matter.

said that but for the error, the outcome of the controversy would clearly have been otherwise. *Wickline, supra.*

Johnson argues that because this court held in *Bell* that the ordinance in question was open to contradictory interpretations, the ordinance is void for vagueness and thus violates of the Due Process Clause of the Fourteenth Amendment.

*Bell* was a civil action in which a *pro se* plaintiff sought a declaratory judgment to construe the 1973 ordinance. We found that the trial court properly construed the ordinance to require "useable" off-street parking areas to be paved. We did not reach the issue of the constitutionality of the ordinance.

A law is void for vagueness if persons of common intelligence must necessarily guess at its meaning. *Coates v. Cincinnati* (1971), 402 U.S. 611, 91 S.Ct. 1686, 29 L.Ed.2d 214, quoting *Connally v. Gen. Constr. Co.* (1926), 269 U.S. 385, 46 S.Ct. 126, 70 L.Ed. 322. Three values are protected by the void for vagueness doctrine:

"These values are first, to provide for fair warning to the ordinary citizen so behavior may comport with the dictates of the statute; second, to preclude arbitrary, capricious and generally discriminatory enforcement by officials given too much authority and too few constraints; and third, to ensure that fundamental constitutionally protected freedoms are not unreasonably impinged or inhibited. Proper constitutional analysis necessitates a review of each of these rationales with respect to the challenged statutory language." *State v. Collier,* (1991), 62 Ohio St.3d 267, 270, 581 N.E.2d 552, 554, citing *State v. Tanner* (1984), 15 Ohio St.3d 1, 3, 15 OBR 1, 2–3, 472 N.E.2d 689, 690–691.

A law must alert all citizens as to what it commands or forbids. *Collier, supra; Lanzetta v. New Jersey* (1939), 306 U.S. 451, 59 S.Ct. 618, 83 L.Ed. 888. In addition, a law must prevent arbitrary and discriminatory enforcement by providing explicit standards for those who are involved with enforcing it. *Grayned v. Rockford* (1972), 408 U.S. 104, 92 S.Ct. 2294, 33 L.Ed.2d 222. However, the legislation need not be drafted with scientific precision. *State v. Anderson* (1991), 57 Ohio St.3d 168, 566 N.E.2d 1224.

The 1973 ordinance mandates that "[a]ll parts of open space off-street parking areas which are unusable, either for parking or for traffic, shall be paved or landscaped" In that context, *usability* refers to the land's use for parking or traffic. If it is unusable for either, it must be paved. But if it is *unusable,* how can it be a *parking area,* which is necessarily the use of land affected by the ordinance? Perhaps the drafters of the ordinance intended to identify portions of a lot not used for traffic or parking, but to what extent? Under the definition

provided, that might mean an entire lot, including where buildings stand. That was the "difficulty" to which we referred in *Bell*, but there we were asked to declare what the statute reasonably means. Our task here, in a criminal and constitutional context, is very different.

The ambiguity of this ordinance reposes unduly broad discretion on local officials charged with its application and enforcement. The record demonstrates that there was confusion among city officials regarding the ordinance. The 1995 amendment was an attempt, albeit unsuccessful, to solve the problem.

We conclude on the record before us that the ordinance does not provide adequate notice to citizens who are subject to its requirements and that it does not provide clear guidelines for officials seeking to enforce it. Therefore, the ordinance is void for vagueness. Accordingly, we find that defendant-appellant Johnson was denied his right of due process when he was convicted of a violation of the ordinance.

Johnson's second assignment of error is sustained.

The judgment of conviction is reversed and Johnson's sentence is vacated.

*Judgment reversed*
*and sentence vacated.*

BROGAN and FAIN, JJ., concur.