**WEST CHESTER TOWNSHIP ZONING, Appellee,**

v.

**FROMM, Appellant.**

[Cite as *W. Chester Twp. Zoning v. Fromm* (2001), 145 Ohio App.3d 172.]

Court of Appeals of Ohio,
Twelfth District, Butler County.

Decided Aug. 6, 2001.

174

*Robin N. Piper*, Butler County Prosecuting Attorney, and *Megan E. Shanahan*, Assistant Prosecuting Attorney, for appellee.

*Jay C. Bennett*, for appellant.

POWELL, Judge.

This cause is an accelerated appeal from the Butler County Area III Court in which defendant-appellant, Sandra Fromm, appeals her conviction for building a fence on her property in violation of the West Chester Township (f.k.a. Union Township) Zoning Resolution ("the zoning resolution").

In the spring of 2000, Fromm had a stockade fence built on her property. The fence is comprised of twenty-four posts set in concrete, and eleven hundred four pickets arranged vertically and held in place by three horizontal two-by-fours, which in turn are bolted to the posts. The side of the fence showing the supporting posts faces Fromm's neighbor's property. By complaint filed August 23, 2000, Fromm was charged with building a privacy fence (1) without a permit and (2) with its unfinished portion facing adjacent properties in violation of Sections 5.02 and 11.08 of the zoning resolution respectively. On October 23, 2000, following a bench trial during which she stipulated she had failed to apply for a permit, Fromm was convicted as charged. Fromm appealed her conviction under Section 11.08 of the zoning resolution and raises three assignments of error. Fromm's second and third assignments of error will be addressed together.

In her first assignment of error, Fromm argues that the trial court erred by finding her guilty of violating Section 11.08 of the zoning resolution. Fromm argues that Section 11.08, which she labels as a "criminal provision," is unconstitutionally vague and ambiguous [1] because it does not define either "unfinished" or "unfinished portion."

Section 11.08 provides:

---

1. Unlike in her third assignment of error, Fromm does not specifically challenge the constitutionality of the zoning ordinance in her first assignment of error. We find, however, that by challenging the zoning ordinance as being vague, Fromm implicitly challenges the constitutionality of the zoning ordinance.

"Fences and walls may be located in side and rear yards as follows:

"* * *

"(b) All fences or walls shall be of wood, stone, brick, metal, chain link material, or synthetic material and shall be maintained in good repair and appearance. Paint shall be applied to all painted surfaces, with sufficient frequency so that no bare wood or material is exposed. No fence or wall shall be constructed so that any unfinished portion faces or is visible from an adjacent property or street."

In addressing Fromm's first assignment of error, "we necessarily begin with the strong presumption that the ordinance which incorporate[s] [the challenged] provision is indeed valid, unless the party attacking the ordinance can overcome the strong presumption of validity." *Franchise Developers, Inc. v. Cincinnati* (1987), 30 Ohio St.3d 28, 32, 30 OBR 33, 36–37, 505 N.E.2d 966, 970. A law is void for vagueness if persons of common intelligence must necessarily guess as to its meaning and differ as to its application. *Columbus v. Thompson* (1971), 25 Ohio St.2d 26, 30, 54 O.O.2d 162, 164–165, 266 N.E.2d 571, 573–574, citing *Connally v. Gen. Constr. Co.* (1926), 269 U.S. 385, 46 S.Ct. 126, 70 L.Ed. 322. "A law must alert all citizens as to what it commands or forbids." *State v. Johnson* (2000), 139 Ohio App.3d 952, 956, 746 N.E.2d 239, 242. "In addition, a law must prevent arbitrary and discriminatory enforcement by providing explicit standards for those who are involved with enforcing it." *Id.* "However, the legislation need not be drafted with scientific precision." *Id.*

We find Fromm's vagueness argument to be without merit. We note at the outset that "zoning resolutions, by their very nature, put persons on notice that there are restrictions on the uses to which land can be put." *Rumpke Waste, Inc. v. Henderson* (S.D.Ohio 1984), 591 F.Supp. 521, 529. As the Supreme Court of Ohio stated in *Franchise Developers, Inc.*:

"[T]he unconstitutionally vague argument is usually applicable only to criminal ordinances which fail to put persons on notice as to what conduct is prohibited. Such an argument is inherently deficient in a zoning case where the zoning resolution, by its very nature, puts a property owner on notice that use of the property is subject to regulation." *Franchise Developers, Inc.* at 32, 30 OBR at 37, 505 N.E.2d at 970.

Fromm, however, asserts with much force that Section 11.08 of the zoning resolution is a "criminal provision." We disagree. Civil proceedings and criminal prosecutions are separate and independent processes, each of which is available to a local government as a means of enforcing its ordinance. *New Lebanon v. Rinzler* (Jan. 16, 1998), Montgomery App. No. 16454, unreported, 1998 WL 27998.

Township officials can initiate criminal prosecution by bringing charges against a property owner for violating a zoning provision. See R.C. 519.24. Township officials can also, "in addition to other remedies," institute a civil action against a property owner for violating a zoning provision. R.C. 519.24.

■ In the case at bar, Fromm was clearly and undisputedly criminally prosecuted for violating the zoning resolution. However, "[a] zoning code is not a criminal ordinance whose purpose is to punish whenever a violation occurs, but, rather, it is an enforcement ordinance intended to compel compliance with certain fundamentals of zoning standards expected of a civilized society." *Cleveland v. Fogos* (1995), 103 Ohio App.3d 39, 47, 658 N.E.2d 789, 794. With only Sections 5.02 and 11.08 of the zoning resolution before this court, and absent any evidence that the zoning resolution creates a criminal offense for any violation of the resolution, we cannot agree that Section 11.08 is a "criminal provision" for vagueness argument purposes.

■ Upon reviewing the record, we find that the lack of a definition of either "unfinished" or "unfinished portion" does not render Section 11.08 unconstitutionally vague. Undoubtedly, the zoning resolution could have been better drafted. However, a statute is not void merely because it could be more precisely worded. See *Roth v. United States* (1957), 354 U.S. 476, 77 S.Ct. 1304, 1 L.Ed.2d 1498.

The American Heritage Dictionary (1979) 1398 defines "unfinished" as either "[n]ot brought to an end; incomplete" or "[n]ot having received special processing[.]" It, in turn, defines "finished" in relevant part as "1. Completed; ended. * * * 3. Smooth and polished, as wood." *Id.* at 493. Webster's Third New International Dictionary (1993) 2495, defines "unfinished" in relevant part as "a: not brought to an end or to completion * * * b: left in the rough state: UNPOLISHED, CRUDE <~wood> <~steel>."

Applying those definitions to Section 11.08 of the zoning resolution, and reading the phrase "unfinished portion" in relation to the sentence "[n]o fence * * * shall be constructed so that any unfinished portion faces or is visible from an adjacent property or street" in its entirety, we find that "unfinished portion" can be understood by persons of common intelligence as referring to the side of a picket fence showing the supporting posts and horizontal two-by-fours. The side of a fence showing only a row of pickets is clearly smooth-looking, and thus is the smooth or finished portion of a fence. See *Rapuano v. Ames* (1958), 21 Conn.Supp. 110, 145 A.2d 384. By contrast, the side of a fence showing the supporting posts and horizontal two-by-fours has a surface that is left in a rough state, or crude, because it is interrupted by the presence of the posts, and is therefore the unfinished portion of the fence. We thus find that the lack of a definition of either "unfinished" or "unfinished portion" does not render Section

11.08 of the zoning resolution unconstitutionally vague, and that the trial court did not err by finding Fromm guilty of violating Section 11.08 of the zoning resolution. Fromm's first assignment of error is overruled.

■ In her second assignment of error, Fromm argues that West Chester Township's enactment of Section 11.08 of the zoning resolution "exceed[ed] the statutory authority granted the township in [R.C] 519.02." In her third assignment of error, Fromm argues that Section 11.08 is unconstitutional as applied to her property because it "fails to advance a legitimate governmental purpose[.]" Under both assignments of error, Fromm asserts that the zoning resolution does not relate to the public health, safety, or morals, but rather was enacted solely for aesthetic purposes in violation of the township's police power under R.C. 519.02 and the applicable case law.

■ It is well established that townships in Ohio "have no inherent or constitutionally granted police power, the power upon which zoning legislation is based. * * * [Rather,] such power is limited to that which is expressly delegated to them by statute." *Yorkavitz v. Columbia Twp. Bd. of Trustees* (1957), 166 Ohio St. 349, 351, 2 O.O.2d 255, 256, 142 N.E.2d 655, 656. R.C. 519.02 grants townships the authority to enact zoning regulations and provides in relevant part that "[f]or the purpose of promoting the public health, safety, and morals, the board of *township trustees may * * * regulate by resolution* the location, height, bulk, number of stories, and size of buildings and other structures, * * * *the uses of buildings and other structures* * * *." (Emphasis added.)

We disagree with Fromm that West Chester Township's enactment of Section 11.08 of the zoning resolution "exceed[ed] the statutory authority granted the township in [R.C] 519.02." While the word "fence" is not included in R.C. 519.02, the word "structure," as used in that statutory provision, contemplates and includes a fence. *State v. Zumpano* (App.1956), 76 Ohio Law Abs. 434, 436, 146 N.E.2d 871, 873. It follows that the phrase "the uses of buildings and other structures," as used in R.C. 519.02, contemplates that the erection of fences can be regulated and controlled by a township zoning resolution. *Id.* Townships may therefore control fences under R.C. 519.02. Meck & Pearlman, Ohio Planning and Zoning Law (2001) 204, Section 6.24, citing *Zumpano.*

■ We also disagree with Fromm that Section 11.08 of the zoning resolution is unconstitutional as applied to her property because the zoning resolution does not relate to the public health, safety, or morals, but rather was enacted solely for aesthetic purposes.

■ "A legislative enactment will not be disturbed, * * * unless it is shown that the action taken by the [local government] in denying the property owner the unrestricted use of his property is arbitrary, capricious and bears no

reasonable relationship to health, safety, [or] morals * * *." *Pepper Pike v. Landskroner* (1977), 53 Ohio App.2d 63, 70, 7 O.O.3d 44, 48, 371 N.E.2d 579, 583. The party challenging a zoning ordinance's constitutionality on that basis bears the burden to demonstrate that the ordinance is not reasonably related to the public health, safety, or morals. Such party "may not rely on mere allegations or conclusions of law that the ordinance is not based on health, safety, [or] morals * * *, but must introduce competent and relevant evidence to support his position." *Pepper Pike* at 70, 7 O.O.3d at 48, 371 N.E.2d at 583.

Fromm asserts with much force that the zoning resolution does not relate to the public health, safety, or morals, but rather was enacted solely for aesthetic purposes. Apart from her conclusory assertion, Fromm has failed to introduce any evidence supporting her position. Fromm's unsubstantiated and mere conclusory assertion fails to demonstrate that the primary objective of the zoning resolution is to advance only aesthetic considerations. As a result, we find that Fromm has failed to meet her burden of proof. Fromm's second and third assignments of error are overruled.

*Judgment affirmed.*

WILLIAM W. YOUNG, P.J., concurs.

VALEN, J., dissents.

VALEN, Judge, dissenting.

I believe that the zoning resolution at issue in this case is unconstitutionally vague and exceeds the authority granted to the township by statute. Therefore, I respectfully dissent.

In order for an ordinance to survive a void-for-vagueness challenge, it must "give sufficient warning so that individuals may conduct themselves so as to avoid that which is prohibited by law." *Lebanon v. McClure* (1988), 44 Ohio App.3d 114, 116, 541 N.E.2d 1073, 1075, citing *Rose v. Locke* (1975), 423 U.S. 48, 96 S.Ct. 243, 46 L.Ed.2d 185. Ambiguities in zoning provisions that restrict the use of one's land must be construed against the zoning resolution because the enforcement of such a provision is an exercise of power that constricts property rights. *Freedom Twp. Bd. of Zoning Appeals v. Portage Cty. Bd. of Mental Retardation & Developmental Disabilities* (1984), 16 Ohio App.3d 387, 390, 16 OBR 456, 458–459, 476 N.E.2d 360, 360–364, citing *Saunders v. Clark Cty. Zoning Dept.* (1981), 66 Ohio St.2d 259, 20 O.O.3d 244, 421 N.E.2d 152.

The American Heritage Dictionary of the English Language (3 Ed.1996) 1950, defines "unfinished" as "1. Not brought to an end; incomplete: *unfinished business.* 2. Not having received special processing, such as dyeing or varnishing:

*unfinished furniture."* (Emphasis *sic.*) As the majority has already stated, Webster's Third New International Dictionary (1993) 2495, defines "unfinished" as "not finished: a: not brought to an end or to completion * * * <an house> b: left in the rough state: UNPOLISHED, CRUDE <~ wood> <~ steel>."

Based upon the definitions provided by frequently used dictionaries, an average person's understanding of the meaning of the word "unfinished" in the context of this zoning resolution would likely be that the fence was not properly stained, varnished, or sanded. Or the word "unfinished" might be thought to mean that the fence was not complete in its construction.

I disagree with the majority's conclusion that "unfinished portion" is readily understood by the common person to refer to "the side of a picket fence showing the supporting posts and horizontal two-by-fours." A law is void for vagueness if persons of common intelligence must guess at its meaning. *Coates v. Cincinnati* (1971), 402 U.S. 611, 91 S.Ct. 1686, 29 L.Ed.2d 214. I would sustain appellant's first assignment of error and find that this zoning regulation is unconstitutionally vague.

Under the second and third assignments of error, appellant argues that the enacted zoning resolution exceeds the township's authority. I agree.

The fact that this resolution has been passed by a township rather than a city or other governmental unit is significant. Unlike municipalities, a township's power to enact zoning ordinances is not inherent, nor does it originate from a constitutional provision. *Torok v. Jones* (1983), 5 Ohio St.3d 31, 32, 5 OBR 90, 90–91, 448 N.E.2d 819, 820–821; *Dsuban v. Union Twp. Bd. of Zoning Appeals* (2000), 140 Ohio App.3d 602, 608, 748 N.E.2d 597. "The zoning authority possessed by townships in the state of Ohio is *limited to that which is specifically conferred by the General Assembly."* (Emphasis added.) *Bainbridge Twp. Bd. of Trustees v. Funtime, Inc.* (1990), 55 Ohio St.3d 106, 563 N.E.2d 717, paragraph one of the syllabus; *Dsuban* at 608, 748 N.E.2d at 601–602.

R.C. 519.02, which grants Ohio townships their zoning authority, states: *"For the purpose of promoting the public health, safety, and morals,* the board of township trustees may in accordance with a comprehensive plan regulate by resolution the location, height, bulk, number of stories, and size of buildings and other structures[.]" (Emphasis added.) This court has found that, unlike municipalities, a township is without power to enact a zoning provision that is based only on the general welfare, as that term is not included in R.C. 519.02. *Union Twp. Bd. of Trustees v. Old 74 Corp.* (2000), 137 Ohio App.3d 289, 296, 738 N.E.2d 477, 481, fn. 3.

Municipalities have a general police power that allows them to enact laws, including zoning regulations, to promote the general welfare. See R.C. 713.06.

Whereas municipalities have always included urban areas, townships traditionally were comprised largely of agricultural lands. With the explosion of urban growth, townships are becoming much more urban in character. However, the legislature has not yet revised the law to reflect this change by giving townships a general police power.

In *Long v. Liberty Twp. Bd. of Trustees* (May 24, 1996), Delaware App. No. 95CA–E–06–037, unreported, 1996 WL 488026, the Fifth District Court of Appeals examined a zoning ordinance that established a river buffer area district. The court noted that Liberty Township's aims in enacting this ordinance, which were to protect the riverfront area from the impact of land uses, were laudable. *Id.* at * 11. However, the court determined that "[t]he condition of scenic river areas, the future growth and development of the Township, and an increasing tax base and property values concern not the public health, safety or morals, but rather the general welfare of the community." *Id.* at * 11–12. The court found that the zoning ordinance was enacted beyond the scope of authority granted to Liberty Township by R.C. 519.02 and therefore was invalid and unenforceable. *Id.* at * 12.

Other actions of township trustees have been enjoined where trustees attempted to exercise a power not specifically enumerated in R.C. 519.02. See *Funtime* (finding that the power granted to townships pursuant to R.C. 519.02 did not encompass the authority to regulate the hours of operation of commercial enterprises within their jurisdiction); *Fischer Dev. Co. v. Union Twp.* (May 1, 2000), Clermont App. No. CA99–10–100, unreported, 2000 WL 525815 (affirming a trial court's decision to grant a preliminary injunction to enjoin Union Township from applying zoning amendments that, among other things, changed allowable square footage of lots).

I would find that this zoning resolution, which prohibits a resident from facing an "unfinished portion" of a fence to a neighbor's property, does nothing to promote the public health, safety, or morals of the community. Therefore, I would sustain appellant's second and third assignments of error and find that this regulation is invalid and unenforceable because it exceeds the township's powers as conferred by the General Assembly in R.C. 519.02.

Based on the foregoing, I respectfully dissent.