OPINION
{¶ 1} Appellants, Anton John Dsuban III and Mary Ann Dsuban ("the Dsubans"), appeal a decision of the Butler County Court of Common Pleas affirming a decision of the Union Township Board of Zoning Appeals ("the Board"), which denied appellants a variance. We affirm the common pleas court's decision.
 {¶ 2} The Dsubans own property in Union Township (now known as West Chester Township), Butler County, Ohio. The property is a back lot located in a "M-2" General Industrial District under the Union Township Zoning Resolution.
 {¶ 3} A fence topped with strands of barbed wire is located on the Dsubans' property. The fence extends across the front yard of the property, which abuts the back yards of adjacent lots. The Union Township Zoning Resolution permits fences in an industrial district to be located in the front, side, and rear of lots. Barbed wire is permitted only on fences located on the sides or rear of lots.
 {¶ 4} In January 1999, the Dsubans applied to the Board for a variance, requesting that the barbed wire be allowed to remain on the fence. The Board denied the Dsubans' variance application, relying on its zoning resolution.
 {¶ 5} The Dsubans appealed the Board's denial of their variance application to Butler County Common Pleas Court. Because the common pleas court found that the Board's standards for reviewing variance applications were inconsistent with the standards in R.C. 519.14, the court reversed the Board's decision. The court remanded the case to the Board so that it could reconsider the Dsubans' application. The Board appealed. This court affirmed the common pleas court's decision. SeeDsuban v. Union Twp. Bd. of Zoning Appeals (2000), 140 Ohio App.3d 602.
 {¶ 6} The Board held a hearing on remand, after which it again denied the Dsubans' request for a variance. The Dsubans appealed to the common pleas court, which affirmed the decision of the Board. The Dsubans then appealed to this court.
 {¶ 7} In their appeal, the Dsubans assign one error as follows:
 {¶ 8} "THE ZONING BOARD RESOLUTION OF UNION TOWNSHIP CANNOT UNDER OHIO REVISED CODE SECTION 519.02, SPECIFY THE BUILDING MATERIAL TO BE USED IN THE CONSTRUCTION OF A FENCE, AS THE AUTHORIZING OHIO REVISED CODE SECTION 519.02 DOES NOT GIVE A TOWNSHIP THE AUTHORITY TO DO SO."
 {¶ 9} R.C. 519.02 provides that a board of township trustees may regulate by resolution "the location, height, bulk, number of stories, and size of buildings and other structures * * *." "While the word `fence' is not included in R.C. 519.02, the word `structure,' as used in that statutory provision, contemplates and includes a fence." W. ChesterTwp. Zoning v. Fromm (2001), 145 Ohio App.3d 172, 178, citing State v.Zumpano (App. 1956), 76 Ohio Law Abs. 434, 436. R.C. 519.02 therefore contemplates that the erection of fences can be regulated by a township zoning resolution. Fromm at 178, citing Meck Pearlman, Ohio Planning and Zoning Law (2001) 204, Section 6.24.
 {¶ 10} We affirm the common pleas court's decision on the basis of our decision in Fromm. In regulating the location of barbed wire fence, the Board was within the authority granted it by R.C. 519.02. The Dsubans' sole assignment of error is overruled.
Judgment affirmed.
VALEN, P.J., and YOUNG, J., concur.