OPINION
{¶ 1} Appellant, Thomas W. Sloe, appeals from the April 6, 2007 judgment entry of the Geauga County Court of Common Pleas, which determined that he failed to timely abide by purge conditions, and a thirty day jail sentence previously rendered was imposed. *Page 2 
 {¶ 2} Appellant is the owner of a parcel of real property located at 15565 Chillicothe Road, Russell Township, Geauga County, Ohio, which is zoned C-S Commercial Services. The property was previously owned by Raymond Arnold ("Arnold"), who purchased it in 1973. In February 1977, Arnold applied for a conditional variance from the Russell Township Board of Zoning Appeals ("BZA") to operate the property as a service garage subject to ten conditions. Arnold's application was granted and was subject to the following pertinent conditions: that no vehicles would be sold; that there be no outside display of merchandise; that no body work shall be performed on the premises; and that there will be no outside storage of vehicles on the property.
 {¶ 3} Appellant purchased the real property and operated his business as Russell Automotive from 1977 to 2000, knowing that it was subject to the conditional variance. In February 2000, appellant applied for a use variance from the conditional variance, asking that the conditions that no body work shall be performed on the premises and that there should be no outside vehicle storage be removed, as well as that he be allowed to sell vehicles as part of his business. At the hearing on appellant's variance request held by the BZA in April 2000, appellant stated that he had been performing auto body work inside the facility and had installed a paint spray booth.
 {¶ 4} On May 9, 2000, appellant submitted a revised request for a variance form seeking: (1) to modify the existing conditional variance to allow the sale of tires, performance of body work, and storage of vehicles on the property; (2) to modify the existing variance to permit the sale of vehicles on the premises; and (3) a variance permitting the construction of an addition to the existing building, creating a total building area greater than 5, 000 square feet. *Page 3 
 {¶ 5} At the May 22, 2000 hearing, appellant testified that auto repair would continue in the front of the property and the auto body operation in the back. Appellant withdrew his application for an area variance authorizing the construction of an addition and his request for permission to sell vehicles on the premises. The BZA voted to grant appellant a variance allowing the sale of tires on the premises. However, it denied appellant's request for a variance permitting the performance of body work. Appellant withdrew his request to store vehicles on the property.
 {¶ 6} At the BZA's June 26, 2000 meeting, appellant requested that he either be permitted to withdraw his request for a variance allowing the performance of body work, or that the BZA reopen the hearing so that he could bring in experts. The BZA denied appellant's requests. Further, appellant asked that the BZA postpone the approval of the minutes of the May 22, 2000 meeting for thirty days for a legal opinion and for him to consult with his attorney. Approval of the minutes was postponed until July 24, 2000, at which time the BZA approved the findings of fact and minutes of the May 22, 2000 and June 26, 2000 hearings.
 {¶ 7} Appellant appealed the BZA's denial of his variance request to the trial court, Case No. 00 A 000754. On June 12, 2001, the trial court affirmed the BZA's decision. Appellant then appealed the trial court's decision to this court in 2002, which we affirmed. Sloe v. Russell Twp.Bd. of Zoning Appeals, 11th Dist. No. 2001-G-2369, 2002-Ohio-5150.
 {¶ 8} Appellant admitted in his deposition that he has performed auto body work on his property since 1977, and continues to do so. Appellant stated that he has placed advertisements in various telephone directories indicating that his business does auto *Page 4 
body work. Appellant also admitted that he sells cars as part of his business and stores them outside on his property. Appellant said that he stores junk motor vehicles on his property which are visible and not screened from Route 306. In addition, appellant does not dispute that he has stored vehicles outside in parking areas, which are not marked for car spaces and less than thirty feet from the street line of Route 306, and engaged in on-site parking of vehicles less than thirty feet from the road right of way.
 {¶ 9} On September 30, 2002, appellee, Ric Machnics, Russell Township Zoning Inspector, filed a complaint for injunctive relief against appellant. Appellant filed an answer on November 5, 2002. On January 17, 2003, appellee filed a first amended complaint. Appellant filed an answer on March 25, 2003. On August 21, 2003, appellee filed a second amended complaint requesting that appellant be compelled to comply with the Russell Township Zoning Resolution, and praying for an injunction with regard to the following violations: the performance of auto body work; the commercial sale of motor vehicles; the outdoor storage of junk motor vehicles or parts visible from the road; parking areas not clearly marked for spaces less than thirty feet from any street line; on-site parking less than thirty feet from the road right of way; and the outside storage of motor vehicles.
 {¶ 10} On September 15, 2003, appellee filed a motion for summary judgment pursuant to Civ.R. 56. On September 30, 2003, appellant filed an answer and counterclaims seeking declaratory judgment. On October 7, 2003, appellee filed a motion for summary judgment on appellant's counterclaims. On October 29, 2003, appellant filed a brief in opposition to appellee's motions for summary judgment and a *Page 5 
motion for summary judgment. On November 17, 2003, appellee filed a brief in opposition to appellant's motion for summary judgment.
 {¶ 11} Pursuant to its December 2, 2003 judgment entry, the trial court granted appellee's motions for summary judgment and denied appellant's motion for summary judgment. The trial court also issued a permanent injunction against appellant regarding using or permitting the use of the subject property with respect to the following: (1) for the commercial sale of motor vehicles; (2) for the outdoor storage of junk motor vehicles so that such vehicles are visible and not screened from any public road; (3) for having any parking areas not clearly marked for car spaces; (4) for having on-site parking less than 30 feet from any road right of way; (5) for the outside storage of vehicles; (6) for performing any auto body work on the subject premises; and (7) in a manner not permitted by the Russell Township Zoning Resolution or said variance. It was from that judgment that appellant filed a timely notice of appeal, Case No. 2004-G-2554.
 {¶ 12} On March 4, 2005, this court affirmed the judgment of the trial court. Machnics v. Sloe, 11th Dist. No. 2004-G-2554, 2005-Ohio-935.
 {¶ 13} On March 18, 2005, appellee filed a motion to show cause, which was stayed until August 10, 2005, the date the Supreme Court of Ohio declined to hear appellant's appeal of this court's March 4, 2005 decision. After appellee filed its notice to the trial court to release the stay and re-set the show cause hearing, the matter was heard by the magistrate on June 27, 2006. The magistrate filed her decision two days later. Appellant filed his objections on July 13, 2006. *Page 6 
 {¶ 14} On September 25, 2006, the trial court adopted the magistrate's decision, found appellant in contempt of the December 2, 2003 order, and rendered a thirty-day jail sentence against him, with purge conditions. It is from that judgment that appellant filed an appeal with this court, Case No. 2006-G-2739. On December 8, 2006, appellee filed a motion to dismiss the appeal, alleging that the order appealed from was not a final appealable order. Appellant filed a brief in opposition on December 18, 2006. On January 12, 2007, this court agreed with appellee and dismissed the appeal. Machnics v. Sloe, 11th Dist. No. 2006-G-2739,2007-Ohio-121.
 {¶ 15} While that appeal was pending, appellee filed a motion to impose sentence on November 1, 2006. A hearing was held on that motion on March 29, 2007.
 {¶ 16} Pursuant to its April 6, 2007 judgment entry, the trial court found that appellant had failed to timely abide by the purge conditions, and imposed the thirty-day jail sentence previously rendered. Appellant's sentence was stayed pending appeal. It is from that judgment that appellant filed the present appeal, asserting the following ten assignments of error for our review:[1]
 {¶ 17} "[1.] The trial court erred when it found that [appellant] was in contempt of court of the September 25, 2006 court order by the continued storage of motor vehicles on site since the Russell Township zoning resolution regarding outside storage is unconstitutional under the void for vagueness doctrine.
 {¶ 18} "[2.] The trial court erred when it found that [appellant] was in contempt of court of the September 25, 2006 court order by the continued storage of motor vehicles *Page 7 
on site, the failure to remove the junk vehicles visible from and not screened from the public road, and not clearly delineating parking spaces upon the property, due to the utter failure of [appellee] to provide [appellant] with the mandatory constitutional due process notice of the underlying factual basis for the contempt charges.
 {¶ 19} "[3.] The trial court erred when it found that [appellant] was in contempt of court of the September 25, 2006 court order by the continued storage of motor vehicles on site since it erroneously applied the clear and convincing standard for civil contempt instead of the beyond a reasonable doubt standard for criminal contempt.
 {¶ 20} "[4.] The trial court erred when it found that [appellant] was in contempt of court of the September 25, 2006 court order by his failure to remove junk vehicles from and not screened from the public road since it erroneously applied the clear and convincing standard for civil contempt instead of the beyond a reasonable doubt standard for criminal contempt.
 {¶ 21} "[5.] The trial court erred when it found that [appellant] was in contempt of court of the September 25, 2006 court order by him not clearly delineating parking spaces upon the property since it erroneously applied the clear and convincing standard for civil contempt instead of the beyond a reasonable doubt standard for criminal contempt.
 {¶ 22} "[6.] The trial court erred when it found that [appellant] was in contempt of court of the September 25, 2006 court order by the continued storage of motor vehicles on site, the failure to remove the junk vehicles visible from and not screened from the public road, and not clearly delineating parking spaces upon the property, due to the failure to provide [appellant] with his constitutional right to a jury trial. *Page 8 
 {¶ 23} "[7.] The trial court erred when it found that [appellant] was in contempt of court of the September 25, 2006 court order by the continued storage of motor vehicles on site, the failure to remove the junk vehicles visible from and not screened from the public road, and not clearly delineating parking spaces upon the property, since it was based upon alleged violating conditions on property other than the Russell Automotive property located at 15565 Chillicothe Rd. Russell Township, Ohio[.]
 {¶ 24} "[8.] The trial court erred when it found that [appellant] was in contempt of court of the September 25, 2006 court order and imposed a jail sentence instead of imposing the penalty provision contained in [R.C.] 2727.12[.]
 {¶ 25} "[9.] The trial court erred when it found that [appellant] was in contempt of court of the September 25, 2006 court order without issuing findings of fact and conclusions of law under [Civ.R.] 52 when specifically requested by [appellant].
 {¶ 26} "[10.] The trial court erred when it found that [appellant] was in contempt of court of the September 25, 2006 court order by the continued storage of motor vehicles on site, the failure to remove junk vehicles visible from and not screened from the public road, and not clearly delineating parking spaces upon the property, since the general laws of the [s]tate of Ohio have pre-empted the Russell Township zoning resolution regarding the regulation of licensed motor vehicles dealers."
 {¶ 27} In each of his assignments of error, appellant argues that the trial court erred by finding him in contempt of court of the September 25, 2006 order.
 {¶ 28} "[I]n a contempt proceeding, a reviewing court must uphold the trial court's decision absent a showing that the court abused its discretion." Winebrenner v. Winebrenner (Dec. 6, 1996), 11th Dist. No. 96-L-033, 1996 Ohio App. LEXIS 5511, at 7, *Page 9 
citing State ex rel. Celebrezze v. Gibbs (1991), 60 Ohio St.3d 69, 75. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. Regarding this standard, we recall the term "abuse of discretion" is one of art, essentially connoting judgment exercised by a court which neither comports with reason, nor the record. State v. Ferranto (1925),112 Ohio St. 667, 676-678.
 {¶ 29} "The party asserting a show cause motion has the burden to prove that a breach has occurred by clear and convincing evidence."Winebrenner at 8. "`Clear and convincing evidence' has been defined as `that measure or degree of proof which is more than a mere "preponderance of the evidence," but not to the extent of such certainty as is required "beyond a reasonable doubt" in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" Ohio State BarAssn. v. Reid (1999), 85 Ohio St.3d 327, 331.
 {¶ 30} In his first assignment of error, appellant alleges the trial court erred by finding him in contempt because there is no definition of "outside storage" in the Russell Township zoning resolution, and is, therefore, unconstitutional under the void for vagueness doctrine.
 {¶ 31} In Perez v. Cleveland (1997), 78 Ohio St.3d 376, 378, the Supreme Court of Ohio stated:
 {¶ 32} "In Grayned v. Rockford (1972), 408 U.S. 104, 108-109 * * *, the United States Supreme Court set out the following guidelines for evaluating a void-for-vagueness claim: *Page 10 
 {¶ 33} "Vague laws offend several important values. First, because we assume that man is free to steer between lawful and unlawful conduct, we insist that laws give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly. Vague laws may trap the innocent by not providing fair warning. Second, if arbitrary and discriminatory enforcement is to be prevented, laws must provide explicit standards for those who apply them.' * * * Accordingly, when a statute is challenged under the due process doctrine of vagueness, a court must determine whether the enactment (1) provides sufficient notice of its proscriptions and (2) contains reasonably clear guidelines to prevent official arbitrariness or discrimination in its enforcement. Smith v. Goguen (1974), 415 U.S. 566 * * *." (Parallel citations omitted.)
 {¶ 34} In the case at bar, pursuant to the 1977 conditional variance, appellant is precluded from storing vehicles outside on the property. Again, in February 2000, appellant applied for a use variance from the conditional variance, asking, inter alia, that the condition regarding no outside vehicle storage be removed. On May 9, 2000, appellant submitted a revised request for a variance form seeking, inter alia, to modify the existing conditional variance to allow for storage of vehicles on the property. At the May 22, 2000 hearing, appellant withdrew his request to store vehicles on the property. Appellant now argues, over seven years later, that there is no definition of "outside storage" in the zoning resolution.
 {¶ 35} We note that "`zoning resolutions, by their very nature, put persons on notice that there are restrictions on the uses to which land can be put.'" West Chester *Page 11 Twp. Zoning v. Fromm (2001), 145 Ohio App.3d 172, 176, quotingRumpke Waste, Inc. v. Henderson (S.D.Ohio 1984), 591 F. Supp. 521, 529.
 {¶ 36} As the Supreme Court of Ohio stated in Franchise Developers,Inc. v. Cincinnati (1987), 30 Ohio St.3d 28, 32, citing Rumpke at 529-530:
 {¶ 37} "* * * the unconstitutionally vague argument is usually applicable only to criminal ordinances which fail to put persons on notice as to what conduct is prohibited. Such an argument is inherently deficient in a zoning case where the zoning resolution, by its very nature, puts a property owner on notice that use of the property is subject to regulation."
 {¶ 38} Again, the zoning resolution condition was imposed pursuant to the granting of the variance. Upon reviewing the record, we conclude that the lack of a definition of "outside storage" does not render the zoning resolution unconstitutionally vague. Although the zoning resolution could have been better drafted by including such a definition, it is not void merely because it could be more precisely worded. See Fromm, supra, at 177, citing Roth v. United States (1957),354 U.S. 476.
 {¶ 39} Appellant's first assignment of error is without merit.
 {¶ 40} In his second assignment of error, appellant contends that the trial court erred when it found him in contempt regarding the continued storage of motor vehicles on site, the failure to remove the junk vehicles visible from and not screened from the public road, and not clearly delineating parking spaces upon the property, due to the utter failure of appellee to provide him with the mandatory constitutional due process notice of the underlying factual basis for the contempt charges. *Page 12 
 {¶ 41} "Due process must be observed in civil contempt proceedings."State ex rel. Miller v. Wallar, 10th Dist. No. 04AP-574, 2004-Ohio-6612, at ¶ 7, citing Turner v. Turner (May 18, 1999), 10th Dist. No. 98AP-999, 1999 Ohio App. LEXIS 2329; Courtney v. Courtney (1984),16 Ohio App.3d 329, 332; In re Oliver (1948), 333 U.S. 257, 274-275.
 {¶ 42} Section 10.13 of the zoning resolution provides: "All Notices of Violation shall state particulars of the violation. Copies of all Notices of Violation shall be maintained by the Zoning Inspector as part of the permanent record."
 {¶ 43} In the instant case, the matter was before the trial court based upon appellant's failure to abide by the court's own order, not a mere violation of the zoning resolution. Appellant was given due process notice by the trial court. Thus, appellee had no duty to give notice to appellant that he had failed to timely abide by the court-mandated purge conditions.
 {¶ 44} Appellant's second assignment of error is without merit.
 {¶ 45} In his third assignment of error, appellant maintains that the trial court erred when it found that he was in contempt of court by the continued storage of motor vehicles on site since it erroneously applied the clear and convincing standard for civil contempt instead of the beyond a reasonable doubt standard for criminal contempt.
 {¶ 46} In his fourth assignment of error, appellant argues that the trial court erred when it found that he was in contempt of court by his failure to remove junk vehicles from and not screened from the public road since it erroneously applied the clear and convincing standard for civil contempt instead of the beyond a reasonable doubt standard for criminal contempt. *Page 13 
 {¶ 47} In his fifth assignment of error, appellant contends that the trial court erred when it found that he was in contempt of court by not clearly delineating parking spaces upon the property since it erroneously applied the clear and convincing standard for civil contempt instead of the beyond a reasonable doubt standard for criminal contempt.
 {¶ 48} Because appellant's third, fourth, and fifth assignments of error are related, we will address them together.
 {¶ 49} Generally, contempt of court actions are not susceptible to neat categorization. "Proceedings in contempt are sui generis in the law. They bear some resemblance to suits in equity, to criminal proceedings and to ordinary civil actions; but they are none of these. Contempt proceedings are means through which the courts enforce their lawful orders." Cincinnati v. Cincinnati Dist. Council 51 (1973),35 Ohio St.2d 197, 201-202. (Emphasis sic.) Nevertheless, there has been some effort to classify and define contempt actions. Previous cases indicate that some are civil and some are criminal.
 {¶ 50} "Although there has never been a clear line of demarcation between criminal and civil contempts, it is usually said that offenses against the dignity or process of the court are criminal contempts, whereas violations which are on their surface offenses against the party for whose benefit the order was made are civil contempts. * * * Sentences for criminal contempt are punitive in nature and are designed to vindicate the authority of the court. * * * On the other hand, the purpose of sanctions in a case of civil contempt is to coerce the contemnor in order to obtain compliance with the lawful orders of the court."State v. Local Union 7560 (1961), 172 Ohio St. 75, 82-83. (Internal citations omitted.) *Page 14 
 {¶ 51} "Punishment is remedial or coercive and for the benefit of the complainant in civil contempt. Prison sentences are conditional. The contemnor is said to carry the keys of his prison in his own pocket, * * * since he will be freed if he agrees to do as ordered. Criminal contempt, on the other hand, is usually characterized by an unconditional prison sentence. Such imprisonment operates not as a remedy coercive in its nature but as punishment for the completed act of disobedience, and to vindicate the authority of the law and the court." Brown v. Executive200, Inc. (1980), 64 Ohio St.2d 250, 253-254. (Internal citations omitted.)
 {¶ 52} In a civil contempt proceeding, the standard of proof is clear and convincing evidence of guilt. Klodt v. Portage Cty. AgriculturalSoc. (Aug. 10, 2001), 11th Dist. No. 2000-P-0109, 2001 Ohio App. LEXIS 3527, at 4, citing Brown, supra, at 253.
 {¶ 53} Here, pursuant to its September 25, 2006 judgment entry, the trial court rendered a thirty-day jail sentence against appellant, with purge conditions. Again, appellant appealed that judgment, which this court dismissed because it was not a final appealable order. While that appeal was pending, appellee filed a motion to impose sentence on November 1, 2006. A hearing was held on that motion on March 29, 2007. Pursuant to its April 6, 2007 judgment entry, the trial court found that appellant had failed to timely abide by the purge conditions, and imposed the thirty-day jail sentence previously rendered. Since the jail sentence in this case was conditional, the contempt proceeding was civil in nature, and the applicable standard of proof was clear and convincing evidence. See Klodt, supra, at 4-5.
 {¶ 54} Appellant's third, fourth, and fifth assignments of error are without merit. *Page 15 
 {¶ 55} In his sixth assignment of error, appellant alleges that the trial court erred when it found him in contempt of court by the continued storage of motor vehicles on site, the failure to remove the junk vehicles visible from and not screened from the public road, and not clearly delineating parking spaces upon the property, due to the failure to provide him with his constitutional right to a jury trial.
 {¶ 56} As previously addressed, the instant matter is a civil contempt case which does not qualify appellant the right to a jury trial. Here, appellant was subject to thirty days in jail for noncompliance with the trial court's order, the penalty prescribed in R.C. 2705.05(A)(1) for a first offense. It has been held that "[t]he penalty provided in R.C.2705.05 renders contempt of court a petty offense in the constitutional sense, so that one charged with contempt of court has no constitutional right to a jury trial." State v. Weiner (1974), 37 Ohio St.2d 11, paragraph two of the syllabus.
 {¶ 57} Appellant's sixth assignment of error is without merit.
 {¶ 58} In his seventh assignment of error, appellant argues that the trial court erred when it found him in contempt by the continued storage of motor vehicles on site, the failure to remove the junk vehicles visible from and not screened from the public road, and not clearly delineating parking spaces upon the property, since it was based upon alleged violating conditions on property other than the Russell Automotive property located at 15565 Chillicothe Rd., Russell Township, Ohio.
 {¶ 59} Again, as previously addressed, because the matter was a civil contempt case, the trial court properly applied the clear and convincing standard of proof. See Klodt, supra, at 4; Brown, supra, at 253. The mere fact that other property or properties were visible from the photographs does not change the fact that the September 25, *Page 16 
2006 order was properly based upon and supported by appellee's testimony regarding the Russell Automotive property.
 {¶ 60} Appellant's seventh assignment of error is without merit.
 {¶ 61} In his eighth assignment of error, appellant contends that the trial court erred when it found him in contempt and imposed a jail sentence instead of imposing the penalty provision contained in R.C.2727.12.
 {¶ 62} Appellant's reliance on State v. King (1991),81 Ohio App.3d 210, for the proposition that the trial court erred by imposing a jail sentence instead of a fine under the special penalty provision for a violation of an injunction under R.C. 2727.12 is misplaced. First,King dealt with a criminal code, not an action for civil contempt. Second, the court's imposition of either of the penalty provisions cited by appellant, R.C. 2705.05 and R.C. 2727.12, is discretionary. Third, R.C. 2727.12 may only be utilized in the event that an affidavit regarding the particulars of a breach of an injunction or restraining order has been presented to the court, which was not an issue in the case sub judice.
 {¶ 63} Appellant's eighth assignment of error is without merit.
 {¶ 64} In his ninth assignment of error, appellant alleges that the trial court erred when it found him in contempt of court without issuing findings of fact and conclusions of law under Civ.R. 52 when specifically requested by him.
 {¶ 65} Civ.R. 52 findings of fact and conclusions of law are unnecessary in contempt proceedings. State ex rel. Ventrone v.Birkel (1981), 65 Ohio St.2d 10, 12. Because this proceeding deals with whether appellant complied with certain purge conditions delineated in the trial court's September 25, 2006 order, such findings of fact *Page 17 
and conclusions of law are unnecessary here as well. See Jackson Twp. v.Stickles (Mar. 21, 1996), 10th Dist. No. 95APC09-1264, 1996 Ohio App. LEXIS 1054, at 20.
 {¶ 66} Appellant's ninth assignment of error is without merit.
 {¶ 67} In his tenth assignment of error, appellant maintains that the trial court erred when it found him in contempt by the continued storage of motor vehicles on site, the failure to remove junk vehicles visible from and not screened from the public road, and not clearly delineating parking spaces upon the property, since the general laws of the state of Ohio have preempted the Russell Township zoning resolution regarding the regulation of licensed motor vehicles dealers.
 {¶ 68} Theories of res judicata are used to prevent relitigation of issues already decided by a court or matters that should have been brought as part of a previous action. "[A] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." Grava v. Parkman Twp. Bd. of ZoningAppeals (1995), 73 Ohio St.3d 379, 382. Res judicata "`applies to extinguish a claim by the plaintiff against the defendant even thoughplaintiff is prepared in the second action (1) To present evidence orgrounds or theories of the case not presented in the first action, or(2) To seek remedies or forms of relief not demanded in the firstaction.'" (Emphasis sic.) Id. at 383.
 {¶ 69} In a previous appeal, Case No. 2004-G-2554, appellant alleged in his fifth assignment of error that the trial court erred since the general laws of the state of Ohio have preempted the Russell Township zoning resolution regarding the regulation of licensed motor vehicle dealers. In that case, this court stated: *Page 18 
 {¶ 70} "* * * although the state of Ohio has preempted the field of licensure regarding the regulation of motor vehicle dealers, no legal authority exists which suggests that a township is precluded from prohibiting commercial motor vehicle sales as part of its land use plan. Even though appellant is a licensed motor vehicle dealer, he is not exempt from Russell Township's zoning requirements. Again, appellant was to operate his business pursuant to a conditional variance on his property, in which auto body work, outside vehicle storage, and commercial sales are prohibited. Appellant never argued before the BZA or before this court in his previous appeal that the prohibition of commercial vehicle sales in the variance was preempted by the state's licensing provisions. As such, res judicata prevents appellant from asserting that the prohibition of commercial vehicle sales and services is invalid. * * *" Machnics, supra, at ¶ 55.
 {¶ 71} Res judicata as well as law of the case doctrine bar appellant's issues from being addressed again. Although we acknowledge how frustrating it can be when zoning interferes with one's preferred use of one's property, we are not free to collaterally attack zoning issues in contempt proceedings.
 {¶ 72} Appellant's tenth assignment of error is without merit.
 {¶ 73} For the foregoing reasons, appellant's assignments of error are not well-taken. The judgment of the Geauga County Court of Common Pleas is affirmed. It is ordered that appellant is assessed costs herein taxed. The court finds there were reasonable grounds for this appeal.
TIMOTHY P. CANNON, J., ROBERT A. NADER, J., Ret., Eleventh Appellate District, sitting by assignment, concur.
[1] On May 16, 2007, appellant filed a motion to amend judgment entry; motion for relief from judgment; and motion to vacate/set aside judgment. Appellee filed a brief in opposition on May 29, 2007. The trial court denied appellant's motions on June 21, 2007. *Page 1